

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Lauren Howland**<br>*Special Assistant Corporation Counsel*<br>Office: (212) 356-2456 |

September 1, 2023

**VIA ECF**
Hon. John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *A.S. v. N.Y.C. Dep't of Educ. et al.*, 23-cv-4580 (JPC)(VF)

Dear Judge Cronan:

    I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendants in the above-referenced action, wherein Plaintiff seeks attorneys' fees, costs, and expenses for legal work on an administrative hearing, as well as for this action, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*.

    I write to respectfully request a pre-motion conference on Defendant's anticipated motion pursuant to Fed. R. Civ P. 42(a) seeking consolidation of this case with *C.C. v. New York City Dep't of Educ.* 23-cv-4581(LGS)(SLC) filed on the same day by Plaintiff's counsel, and for which Defendant has discovered exact duplicative attorney billing entries (*see* attached the first page of each set of billing records and accompanying filed identical two-paragraph letters for which Kate Cassidy bills $1,000.00).[1]  This action has the lower of the two Civ numbers as between these two cases.

    While technical consolidation may not appear exacting here, the Second Circuit has provided guidance in the *H.C.*, *in tandem* appeals, where the Circuit found that it served judicial economy for a single panel to hear 15 unrelated appeals of decisions in cases involving a simple IDEA fees application brought by the same firm. *See H.C. v. N.Y.C. Dep't of Educ.*, 21-cv-1582, (JLC), *aff'd* 71 F.4th 120 (2d. Cir. 2023).  Similarly here, in the event these cases

---

[1] It also must be noted that, as reflected in the attached billing records, Kate Cassidy purports to have spent 24 minutes ($400.00 billed) to send two emails to the New York City Law Department making service of the fee 7-page simple fee complaints in these cases, without any attachments.  This work is clearly administrative/paralegal work and would take anyone with minimal technical skills no more than a few moments to draft an email attaching the complaint and clicking "send" to the Law Department's email-service address.

do not resolve, as shown by the exhibits attached hereto judicial economy would be served by having a single judge decide nearly identical fees applications.

Additionally, Defendant respectfully requests a stay of this matter pending a conference with Your Honor on Defendant's anticipated motion to consolidate. As of this afternoon, Defendant has requested Plaintiff's consent to both requests, but as of the filing of this letter, has not yet received a response. In any event, Defendant anticipates that Plaintiff would oppose this request.

Accordingly, Defendant respectfully requests that the Court schedule a pre-motion conference on Defendant's anticipated motion to consolidate, and stay of this matter pending a pre-motion conference with the Court.

Thank you for considering these requests.

Respectfully submitted,

/s/
Lauren Howland
Special Assistant Corporation Counsel

cc: Kate Cassidy, Esq. (via ECF)
Rebecca Shore, Esq. (via ECF)

Plaintiff shall respond to Defendants' letter by September 7, 2023.  Defendants' deadline to answer or otherwise respond to the Complaint is hereby extended from September 5, 2023 to September 19, 2023.

SO ORDERED
Date: September 5, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge