

**LTL ATTORNEYS** LLP
**152 WEST 57TH STREET, 19TH FLOOR**
**NEW YORK, NEW YORK 10019**
**TEL: 332-206-0206**
**WWW.LTLATTORNEYS.COM**

LOS ANGELES | SAN FRANCISCO | NEW YORK | ORANGE COUNTY

EMAIL: KATE.CASSIDY@LTLATTORNEYS.COM

PHONE: 332-244-7015 EXT 215

September 7, 2023

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *A.S. v. N.Y.C. Dep't of Educ.*, Case No. 23-cv-4580 (JPC)(VF)

Dear Judge Cronan:

Along with Advocates for Children of New York, we represent Plaintiff in the above-captioned action. Plaintiff opposes Defendants' request to file a motion to consolidate and motion to stay.

### A. Background

This is a litigation for fees relating to an underlying administrative hearing under the IDEA against Defendants for which Plaintiff was the prevailing party and therefore is entitled to attorneys' fees. The necessary discovery has already been provided to Defendants (although additional attorney invoices will be forthcoming as a result of Defendants' litigation strategies).[1]

Plaintiff has steadfastly opposed Defendants' previous repeated attempts to delay this case. (*See, e.g.*, Dkt 13, 17). In response to those concerns, Defendants previously promised the Court that settlement negotiations had begun and that the case could "ideally" be resolved by September 5. (Dkt 16). However, Plaintiff has heard nothing from Defendants on settlement negotiations since August 4, 2023 when Plaintiff provided Defendants with a counter settlement offer in response to Defendants' first and only offer.

Rather than proceed to a settlement conference with Judge Figueredo as previously promised (Dkt 16) or to summary judgment briefing, which is all that is required to adjudicate this case,

---

[1] Indeed, in every other IDEA fees litigation that counsel has had with Defendants' counsel, Defendants' counsel has agreed that no discovery was required. *See, e.g.*, joint scheduling orders in *.C. v. New York City Department of Education*, 20-cv-00259 Dkt Nos. 32 and 33; *S.P. v. New York City Department of Education*, 20-cv-8380 Dkt No. 14; *S.W. v. New York City Department of Education*, 22-cv-3592 Dkt. No. 20.



Defendants instead seek to further delay this case with a motion to consolidate and a motion to stay.

### B. Defendants' Request to Consolidate Has No Merit

Even though Rule 42(a) of the Federal Rules of Civil Procedure permits the Court to consolidate cases, consolidation is only appropriate if the cases involve common questions of law or fact. Where cases are different or consolidation presents an unacceptable risk of prejudice to one party, consolidation is not appropriate. *W. Waterproofing Co., Inc. v. Zurich Am. Ins. Co.,* 2022 WL 329225, at *19 (S.D.N.Y. Feb. 3, 2022).

Here, the two litigations sought to be consolidated involve different IDEA special education hearings brought by different parents on behalf of their minor students with very different special education needs, as the complaints detail. (*Compare* Dkt 1 *with* Case No 23-cv-4581, Dkt 1). Advocates for Children of New York ("AFC") represents hundreds of parents each year and the identities of the nonprofit organization's clients remain confidential from each other. Likewise, under Family Educational Rights and Privacy Act ("FERPA"), Defendants have an obligation to protect the identity of students from each other. Consolidating the fees complaints of these two parents and students puts at risk the confidentiality of the identity of the students.

Consolidation will not save party resources. The facts and procedures of each special education hearing on which the fees are based are unique to each specific hearing, dependent upon the students' respective disabilities and needs, services and supports that the DOE offered, services and supports that the students' needed, school years at issue, schools that the students attended, litigation tactics that the DOE employed in the respective hearings, and relief requested and awarded by the two different hearing officers. The timesheets and fees incurred during the underlying hearing are entirely different and separate. Different AFC attorneys represented their respective clients in the two different hearings, so the witnesses in each case are different. Thus, assessing the reasonableness of the fees sought for each hearing requires briefing on the work performed at each hearing and cannot be consolidated. Under these circumstances, consolidation does not save resources, and in fact runs the risk of harming the Plaintiffs through disclosure of the minor students' identities and special education needs.

### C. Without Consolidation, There Is No Need To Stay the Case

Defendants have no good reason to stay this case. Defendants cannot meet their burden to demonstrate why consolidation is appropriate here. *W. Waterproofing Co., Inc. v. Zurich Am. Ins. Co.,* 2022 WL 329225, at *19 (S.D.N.Y. Feb. 3, 2022). Therefore, the Court should deny Defendants' request to file a motion to consolidate which renders any request to stay this case pending resolution of that motion moot.

Defendants' only apparent basis for the motion to consolidate and stay the case concerns questions Defendants have about three billing entries in this fees litigation, and not in the underlying hearing. But in an IDEA fees litigation like this, challenges about the timesheets go to the heart of this dispute. Litigating those challenges twice—first on a motion to consolidate and then again on summary judgment—would needlessly prolong this dispute and waste the Court's time and resources. Notably, the challenged timesheet entries amount to less than one hour (Dkt 20-1)—a


very small percentage of the hours that AFC attorneys and staff incurred on the underlying hearings, which are entirely different. Moreover, Judge Schofield has already denied Plaintiff's contemporaneously filed motion to stay for a case that Plaintiff wants to consolidate with this one. Judge Schofield has issued a summary judgment brief schedule for that unrelated case.

Plaintiffs do not want to delay resolution of this case any longer.  As explained previously, Plaintiff has already spent a year and a half trying to reach an agreement on the amount of fees Defendants owe Plaintiffs, but to no avail.  Plaintiff was forced to file this action because Defendants refused to negotiate the fees.  Defendants have had all the billing records from the underlying proceeding since January 5, 2022 and all the fees associated with this lawsuit since June 30, 2023.  There is no reason for further delay.

### D.  Summary Judgment Briefing Schedule

Plaintiffs remain open to a settlement conference before Judge Figueredo, and are hopeful that—as in the majority of fees litigations against the DOE—a settlement conference would result in resolution without the need for any briefing.  Based on Defendants' pre-motion letter, however, we understand Defendants to be communicating that settlement efforts have broken down.  Plaintiff therefore asks the Court to set the following summary judgment briefing schedule:

- Parties' opening summary judgment briefs due by October 17, 2023;
- Responsive summary judgment briefs due 30 days thereafter; and
- Reply summary judgment briefs due 15 days after Opposition briefs are filed.

Plaintiff asks the Court to deny Defendants' request for a pre-motion conference and either refer the case to a settlement conference before Judge Figueredo or set a briefing schedule.

Regards,

Kate E. Cassidy

In light of Plaintiff's representation above that this case and *C.C. v. New York City Department of Education*, No. 23 Civ. 4581 (LGS) are brought by different parents on behalf of their different minor children, and that the two cases involve administrative hearings involving different findings regarding those children's needs, Defendants shall advise the Court by September 13, 2023, whether they still intend to move for consolidation of the two cases and, if so, why such a motion would have merit.  Further, in that letter, Defendants also shall inform the Court their view as to whether referral to the Honorable Valerie Figueredo for a settlement conference would be productive, as suggested by Plaintiff.  Defendants' request for a stay, Dkt. 20 at 2, is denied without prejudice.

SO ORDERED
Date: September 8, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge