| | |
|---|---|
| A.S. on behalf of T.B., a child with a disability, | DECLARATION OF GINA M. DECRESCENZO |
| *Plaintiff*, | Case No. 23-cv-4580 |
| -against- | |
| NEW YORK CITY DEPARTMENT OF EDUCATION, | |
| *Defendant*. | |

I, GINA M. DECRESCENZO, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am a practicing lawyer and owner/operator of a law firm regularly engaged in the practice of education law within the Southern District of New York. I make this Declaration to provide information about market rates for legal services within the judicial district.

2. I regularly appear before administrative tribunals in New York State, and this Court and other courts, on behalf of parents and pre-K to 12th grade students with matters arising under the Individuals with Disabilities Education Act. I was admitted to practice in New York State in 2008. I have been admitted to practice in this Court since 2009, in the U.S. District Court for the Eastern District of New York since 2009, in the U.S. District Court for the Northern District of New York since 2014, in the U.S. Supreme Court since 2015, and in the U.S. Court of Appeals for the Second Circuit since 2016.

3. I am the founder and owner of a law firm, Gina DeCrescenzo, P.C., at which I, together with of-counsel lawyers, and an experienced paralegal, primarily work on behalf of such clients. The firm has always had a mixture of cases involving the New York City Department of Education (the "NYCDOE"), and cases involving other school districts in parts of New York State outside of the five boroughs. The firm currently has a busy practice, with numerous pending cases.

4. Since its founding in 2013, my firm has, as a certain small percentage of its business, taken on cases for families who are unable to pay for the firm's legal services. We have accepted cases for no upfront payment at all from these clients or for a very small portion of our firm's overall billing. The remainder of the firm's business has been cases from clients who pay all of the billing in full, after presentation of a billing statement at month's end.

5. The firm bills $ 600 per hour for my work, between $ 400 and $ 600 per hour for the work of its "of counsel" attorneys, depending on their experience, and $ 185 per hour for the work of its paralegal. Regardless of whether they pay upfront or not, all clients are billed at these rates. Our clients who pay upfront (who represent the majority of the firm's business) pay these rates on a monthly basis, as we invoice for legal services monthly.

6. The amount of cases that we can take on for little or no upfront payment has decreased over time.

7. From a business perspective although not from a human interest and personal perspective, it has become more difficult to justify taking on the cases of clients within the NYCDOE who are unable to pay. We have gradually been shifting our business away from such cases, although I expect we will always have some number of them due to the highly sympathetic nature of many of the cases and the human interests at stake.

8. This is because over the past several years, we have encountered marked delays in the NYCDOE's procedures for processing requests for reimbursement of attorneys' fees. There are delays of many months before the NYCDOE even comes to the table prepared to discuss settlement. The NYCDOE's settlement offers for fees due under 20 U.S.C. § 1415(i) are often paltry. In mid-2017, we began bringing civil actions in U.S. District Court against the NYCDOE for cases where many months had passed after the request for reimbursement of such fees was submitted, and where there was either no settlement offer or (in our view) an unreasonably low one.

9. Fee litigation distracts from our primary work addressing the educational needs of the young people whom we serve, and time spent on fee litigation is not time spent learning substantive education law and educational literature in more detail. The same is true of time spent navigating the NYCDOE's lengthy and complex settlement process where there is sometimes exhausting back and forth for very little movement in the end.

10. Due to the situation described above and my decision to shift some of the firm's business away from cases that have no fees paid upfront, at this time only about 15-20 % of the firm's business is comprised of cases of families who are able to make no upfront payment. This is a significantly lower amount than the firm's historical average of such cases.

11. At the present time, my firm has no fee litigation pending.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed this 4$^h$ day of December, 2023

                                                s/ Gina DeCrescenzo
                                                Gina DeCrescenzo, Esq.