UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.S. on behalf of T.B., | ) |
|         Plaintiffs, | ) |
| v. | ) Case No. 23-cv-4580(JPC)(VF) |
| New York City Department of Education, New York City Board of Education, and DAVID C. BANKS, in his official capacity as Chancellor of the New York City School District, | ) |
|         Defendants. | ) |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

In accordance with Local Rule 56.1 and Rule 56 of the Federal Rules of Civil Procedure, Plaintiff A.S. on behalf of T.B. submits that there is no genuine issue to be tried as to the following material facts in the record:

1. A.S. is currently classified by the New York City Department of Education ("DOE") as a student with an Intellectual Disability. (*See, e.g.*, R. 9.[1])

2. On October 22, 2018, A.S., through her attorneys, submitted to the DOE a request for a due process hearing before an impartial hearing officer ("IHO") pursuant to the Individuals

---

[1] "R." citations contained herein refer to the Bates-stamped record of the administrative proceedings below (the "Record") attached as **Exhibit I** to the Declaration of Rebecca Shore, dated December 15, 2023 ("Shore Decl.").

1

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f)(1), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 (the "Due Process Request"). (*See* R. 8–27.)

3. Attorneys from Advocates For Children of New York ("AFC") represented A.S. in connection with the Due Process Request. (*Id.*)

4. In the Due Process Request, A.S. asserted that the DOE denied T.B. a FAPE for the 2011-2012 through 2018-2019 school years in violation of the IDEA, Section 504, and the New York State Education Law and regulations. (*See* R. 8.)

5. The Due Process Request alleged that T.B. was a twelve-year-old student with an Intellectual Disability and across the board deficits in reading, writing, math, speech-language, fine motor abilities, social-emotional functioning, executive functioning, and attention. (*See* R. 9.)

6. The Due Process Request alleged that the NYC DOE failed to evaluate T.B. and identify or understand his needs, develop appropriate IEPs, or implement those IEPs for over a half decade. (*Id.*)

7. Even though T.B. had an IEP since 2012 and struggled for years, the DOE did not identify T.B. as a student with an Intellectual Disability until 2018. (*Id.*)

8. The Due Process Request alleged that as a result of the DOE's failures, T.B. was denied a FAPE, requiring A.S. to place T.B. at the Cooke Center Academy, an appropriate private school that was able to meet T.B.'s needs. (*See* R. 8–10.)

9. The Due Process Request sought an order requiring the NYC DOE to: (1) place and pay for T.B. to attend Cooke Center Academy for the 2018-2019 school year, (2) provide busing for T.B. to and from Cooke Center Academy, (3) reimburse A.S. for the cost of T.B.'s school breakfast and lunch at Cooke Center Academy, (4) pay for a Functional Behavior Assessment by a

provider of the Parent's choosing, (5) convene an IEP meeting, (6) pay for appropriate compensatory services including transportation for T.B. to travel with an adult to and from such services, from a provider or providers of the parent's choosing, and (7) and all other relief deemed appropriate by the Impartial Hearing Officer. (*See* R. 26–27.)

10. The hearing officer conducted several hearings between January 24, 2019, and June 3, 2020. (*See* June 7, 2020 Findings of Fact and Decision, at R. 158.)

11. On January 24, 2019, the IHO conducted a status conference regarding the Due Process Request. (*See* January 24, 2019 Hearing Tr.[2])

12. On May 22, 2019, the IHO conducted a hearing regarding the Due Process Request. (*See* May 22, 2019 Hearing Tr.) At the conclusion of the hearing, the IHO issued a ruling, based on the DOE's failure to defend the underlying merits in relation to 2016–2017 and 2017–2018, that there was a denial of FAPE for each of those academic years. (*Id.* Tr. 113:1-3.) The IHO indicated that the only pending issue was the remedy to be awarded. (*Id.* Tr. 112:2-113:9.)

13. On May 24, 2019, the IHO conducted a further hearing regarding the Due Process Request. (*See* May 22, 2019 Hearing Tr.) At the hearing, A.S., through her Advocates for Children attorneys submitted thirty-five exhibits and the testimony of two witnesses. (*Id.* Tr. 159:13-162:9.) Those witnesses were subjected to direct examination, cross-examination, and re-examination. (*Id.* Tr. 120:3-5.) The hearing was adjourned so that the parties could undertake settlement negotiations in light of the issues and evidence presented at the hearing. (*See* R. 125:17-127:4.)

14. On April 28, 2020, the IHO confirmed that the hearing regarding the Due Process Request had been rescheduled for the following day. (*See* April 28, 2020 Hearing Tr.)

---

[2] All hearing transcripts are attached to Shore Decl. as **Exhibit J**.

15. On April 29, 2020, the IHO conducted a hearing on the remedy to be awarded in respect of the Due Process Request. (*See* April 28, 2020 Hearing Tr.) The parties could not agree on whether a time limit should be imposed on the utilization of the compensatory services, and if so, how long that time limit should be. (*Id*. Tr. 290:3-13, 291:23-292:23.) The IHO preliminarily indicated he would award between five to six years if he were to decide the matter. (*Id.* Tr. 295:14-296:18, 303:16-305:16.)

16. By June 3, 2020, the parties had not agreed to a settlement. (*See* June 3, 2020 Hearing Tr. 329:2-9.)

17. On June 3, 2020, the IHO conducted a due process hearing to decide the claims and relief sought. (*Id.*) At the hearing officer's request, Plaintiff's attorney drafted and submitted a written closing brief. (*See* Parent's Closing Argument, R. 154–157.) The DOE did not present a case. Upon the hearing officer's request, the DOE made oral and written closing submissions. (*See* DOE Closing Brief, R. 146.)

18. On June 7, 2020, the hearing officer issued a decision. The hearing officer found the unilateral placement at Cooke to be appropriate and to provide FAPE. Furthermore, the hearing officer ordered that the DOE create a bank of 1,500 hours of compensatory related services that could be utilized through August 31, 2025. The hearing officer additionally ordered that once 1,000 of those hours have been utilized, or after January 1, 2025, whichever comes first, the DOE is to bear the cost of comprehensive reevaluation of the student and that as soon as these reports are available, the CSE is to convene and consider the impact on the student's then-current IEP. (*See* June 7, 2020 Findings of Fact and Decision, at R. 187.)

19. The DOE did not appeal the order.

Dated: December 15, 2023　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　**LTL ATTORNEYS LLP**
　　　　　　　　　　　　　　　　　　　　　　By: /s/ *Kate E. Cassidy*
　　　　　　　　　　　　　　　　　　　　　　Kate Cassidy
　　　　　　　　　　　　　　　　　　　　　　kate.cassidy@ltlattorneys.com
　　　　　　　　　　　　　　　　　　　　　　152 West 57th Street, Fl 19th
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　　　(332) 244-7015

　　　　　　　　　　　　　　　　　　　　　　Rebecca C. Shore
　　　　　　　　　　　　　　　　　　　　　　*Advocates for Children of New York, Inc.*
　　　　　　　　　　　　　　　　　　　　　　rshore@advocatesforchildren.org
　　　　　　　　　　　　　　　　　　　　　　151 West 30th Street, 5th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10001


　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*