Case No. 23-cv-4580(JPC)(VF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.S. on behalf of T.B.,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
et al.,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Lauren Howland*
*Tel:  (212) 356-2016*
*Matter No. 2023-051903*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................... iii

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS .............................................................................. 3

LEGAL STANDARD ..................................................................................... 3

ARGUMENT ................................................................................................. 4

I.   AFC/LTL REJECTED DOE'S EXCEEDINGLY GENEROUS WRITTEN OFFER OF SETTLEMENT, WASTING JUDICIAL RESOURCES, IN PURSUIT OF UNJUST WINDFALL *VIA* FEES MOTIONS ............................................ 4

II.  THE HOURLY RATES "BILLED" BY PLAINTIFF ARE UNREASONABLE ................................................................................. 6

   A.   *Johnson* Factors (1) Time and Labor Required; (2) Novelty and Difficulty; and (3) Level of Skill Required: Rates Should be Reduced Due to Lack of Complexity .................................. 7

   B.   *Johnson* Factors (4) Preclusion of Employment, and (5) Customary Rate, and (6) Fee Structure: AFC's Rates are Not Customary or Necessary .................................................... 12

   C.   *Johnson Factors* (7) Time Limitations (8) Results Obtained Support Reduced Rates ................................................ 15

   D.   *Johnson* Factors (10) Undesirability, (11) Client Relationship, and (12) Awards in Similar Cases: This Matter was Desirable and Similar to Other Cases ......................... 15

   E.   The Hourly Rates for AFC Support Staff Should Also Be Reduced ..................................................................................... 16

III. PLAINTIFF'S BILLING RECORDS REFLECT EXCESSIVE BILLING ................................................................................................ 17

   A. Excessive Billing for the Administrative Proceedings .......................... 17

      i)    Excessive Vague Entries ............................................................ 18

      ii)   Excessive Billing Too Far in Advance of the Due Process Complaint ...................................................................... 18

**Page**

  iii) Excessive Use of 0.1 Entries........................................................................19

  iv) Excessive Billing for Intra-Office Communication ......................................20

  v) Excessive Billing for Hearing Preparation....................................................20

 G. Excessive Billing for the Federal Action .........................................................20

  i) Overbilling for Drafting the Complaint and Initiating Documents ..................................................................................................22

  ii) Overbilling for Drafting Letter Submissions to the Court ..............................................................................................................23

  iii) Overbilling for Memorandum of Law ("MOL") and Declarations .................................................................................................23

CONCLUSION...............................................................................................................24

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                           **Pages**

*Andert v. Allied Interstate, LLC*,
   2013 U.S. Dist. Lexis 10422 (S.D.N.Y., July 13, 2013) (PAC) ...............................................19

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*,
   522 F.3d 182 (2d Cir. 2008)........................................................................................................4

*B.B. v. New York City Dep't of Educ.*,
   17-cv-4255 (VEC)(SDA), 2018 U.S. Dist. LEXIS 38271
   (S.D.N.Y. March 8, 2018).....................................................................................................1, 3

*Bowman v. Maygina Realty*,
   14-cv-5423 (JMF), 2016 U.S. Dist. LEXIS 87347 (S.D.N.Y. July 6, 2016)..........................14

*Brennan v. City of Middletown*, 18-cv-6148 (PED),
   2020 U.S. Dist. LEXIS 120195 (S.D.N.Y. July 8, 2020) .......................................................13

*C.D. v. Minisink Valley Cent. Sch. Dist.*,
   17-cv-7632 (PAE), 2018 U.S. Dist. LEXIS 134646 (S.D.N.Y. Aug. 9, 2018).......................13

*C.L. v. N.Y.C. Dep't. of Educ.*,
   21-cv-7094(RA) 2022 U.S. Dist. LEXIS 177926 (S.D.N.Y. Sep. 29, 2022)...........................5,

*C.L. v. N.Y.C. Dep't.. of Educ.*,
   21-cv-7094(RA)(BCM) (S.D.N.Y. Nov. 22, 2022)...................................................................6

*Canaveral v. Midtown Diner NYC, Inc.*,
   2019 U.S. Dist. Lexis 151080 (S.D.N.Y. Sep. 5, 2019) (GBD)..............................................19

*Durso v. Modern Food Ctr., Inc.*,
   17-cv-7324 (LAK)(GWG), 2018 U.S. Dist. LEXIS 101607
   (S.D.N.Y. Jun. 18, 2018) ........................................................................................................14

*E.F. v. N.Y.C. Dept. of Educ.*,
   11-cv-5243 (GBD)(FM), 2012 U.S. Dist. LEXIS 16394
   (S.D.N.Y. Feb. 6, 2012)......................................................................................................7, 13

*E.W. v. DOE*
   21-cv-11208 (VEC)....................................................................................................................6

*Errant Gene Therapeutics, LLC v. Sloan- Kettering*,
   286 F. Supp. 3d 585 (S.D.N.Y. 2018).......................................................................................4

*F.R. v. DOE*,
   22-cv-1776 (VEC)(GWG) ..................................................................................................6, 12

**Cases**                                                                          **Pages**

*Goodwin v. Hawker Dayton Corp.*,
    19-cv-4284 (LGS)(GWG),
    2019 U.S. Dist. LEXIS 203159 (S.D.N.Y. Nov. 22, 2019)...................................13

*Guang Ping Zhu v. A Plus Kitchen Inc.*,
    16-cv-5767 (VSB)(KNF),
    2019 U.S. Dist. LEXIS 91728 (S.D.N.Y. May 29, 2019).......................................14

*H.A. v. N.Y.C. Dep't of Educ.*,
    2022 U.S. Dist. LEXIS 33561 (S.D.N.Y. Feb. 25, 2022)...................................8, 19

*H.C. v. New York City Dep't of Educ.*,
    20-cv-844 (JLC),
    2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021),
    *aff'd*, 71 F.4th 120 (2d Cir. 2023) ...............................6, 7, 8, 9, 10, 16, 19

*H.W. v. DOE*,
    21-cv-8604 (JLR) ..............................................................................6, 8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)...........................................................................3

*Hernandez v. Berlin Newington Assocs., LLC*,
    699 F. App'x 96 (2d Cir. 2017) ..............................................................4

*John v. Demaio*, *Sheet Metal Workers*,
    13-cv-7741 (PAE),
    2015 U.S. Dist. LEXIS 108646 (S.D.N.Y. Aug. 18, 2015)...................................14

*L.M. v. DOE*,
    21-cv-11175 (AT)(BCM) (S.D.N.Y. March 14, 2023)...................................16, 21

*Lochren v. Cnty. of Suffolk*,
    344 F. App'x 706 (2d Cir. 2009) ............................................................4

*Lunday v. City of Albany*,
    42 F.3d 131 (2d Cir. 1994)..................................................................17

*M.D. v. DOE*,
    21-cv-9180 (LGS)(KHP) (S.D.N.Y March 17, 2023)
    U.S. Dist. LEXIS 193659 ...................................................................21

*M.D. v. N.Y.C. Dep't of Educ.*,
    20-cv-6060(LGS) ......................................................................9, 10, 19

**Cases**                                                                 **Pages**

*M.H. v. DOE*,
 20-cv-1923 (LJL) 2021 U.S. Dist. LEXIS 190419......................................8, 9, 11, 13

*M.R. v. N.Y.C. Dep't of Educ.*,
 21-cv-5503(VEC)(S.D.N.Y. October 31, 2022)..............................................1, 7

*Medina v. Bother*, 15-cv-1955 (LAP),
 2019 U.S. Dist. LEXIS 156139 (S.D.N.Y. Sep. 12, 2019)......................................14

*N.L. v. N.Y.C. Dep't of Educ.*
 (S.D.N.Y. March 15, 2023) U.S. Dist. LEXIS 43903 ..........................................21

*N.L.-C. v. N.Y.C. Dep't of Educ.*,
 20-cv-8243(ER) (S.D.N.Y.).............................................................................17

*Olaechea v. City of N.Y.*,
 17-cv-4797 (RA), 2022 U.S. Dist. LEXIS 142037 (S.D.N.Y. Aug. 9, 2022)........................13

*Pasini v. Godiva Chocolatier, Inc.,*
 2018 U.S. Dist. LEXIS 233709 (S.D.N.Y.)
 *aff'd* 764 Fed. ) ...........................................................................................1

*Raja v. Burns*,
 43 F. 4th 80 (2d Cir. 2022) .............................................................................18

*S.J. v. N.Y.C. Dep't of Educ.*,
 (S.D.N.Y. Jan. 12, 2021) U.S. Dist. LEXIS 6180,
 *aff'd* (2d. Cir., May 4, 2022) ............................................................................21

*S.S. v. N.Y.C. Dep't of Educ.*,
 20-cv-1923 (JPC) ............................................................................................7, 9

*S.W. v. Dept. of Educ.*,
 22-cv-3592 (S.D.N.Y. Sept. 7, 2023) ...........................................17, 18, 21, 22, 23

*Swartz v. HCIN Water St. Assocs., Ltd. Liab. Co.*,
 17-cv-4187(ER),
 2018 U.S. Dist. LEXIS 186255 (S.D.N.Y. Oct. 31, 2018)..........................................14

*T.A. v. N.Y.C. Dept. of Educ.*,
 21-cv-7104 (GHW) (S.D.N.Y. Aug. 19, 2022)...........................................................2

*Torres v. Gristedes Operating Corp.*,
 519 F. App'x 1–4 (2d Cir. 2013) .......................................................................4

**Cases**                                                                                      **Pages**

*Y.S. v. DOE,*
    21-cv-5878 (JPC) ...........................................................................................3, 5

**Statutes**

20 U.S.C. §1415(i)(3)(B)(i) .......................................................................................1

20 U.S.C. § 1415(i)(3)(B)-(F) ..................................................................................3

20 U.S.C. § 1415(i)(3)(D)(i) ..................................................................................4, 6

42 U.S.C. §1983 ..................................................................................................13, 14

Fed. R. Civ. P. 11 ....................................................................................................13

Fed. R. Civ. P. 12(b) ...............................................................................................13

Fed. R. Civ. P. 12(c) ...............................................................................................13

Fed. R. Civ. P. 50 ....................................................................................................13

Fed. R. Civ. P. 56 ....................................................................................................13

Fed. R. Civ. P. 56.1 .................................................................................................23

## PRELIMINARY STATEMENT

Defendant, New York City Department of Education ("DOE"), submits this opposition to Plaintiff's motion for an award of attorneys' fees and costs pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"). Plaintiff seeks **$84,856.00** for work purportedly performed by Advocates for Children of New York, Inc. ("AFC") and LTL Attorneys LLP ("LTL") (**$63,009.00** billed for IHO Case No. 178855 and **$21,847.00** for federal action). As a prevailing party, Plaintiff may recoup *reasonable* fees and costs pursuant to 20 U.S.C. §1415(i)(3)(B)(i), but may not "soak" its "opponent." *See B.B. v. New York City Dep't of Educ.*, 17-cv-4255 (VEC)(SDA), 2018 U.S. Dist. LEXIS 38271, at *6 (S.D.N.Y. March 8, 2018):

> Although the Court concurs with Plaintiffs' arguments that attorneys who practice in the area of IDEA and other similar civil rights areas must be adequately compensated for their time, fee-shifting statutes are not a license to soak one's opponent or to engage in a highly inefficient practice of law.

"This case brings to mind the Southern adage: pigs get fat and hogs get slaughtered." *Pasini v. Godiva Chocolatier, Inc.,* 2018 U.S. Dist. LEXIS 233709 (S.D.N.Y.) *aff'd* 764 Fed. ). No reasonable client would pay the excessive billing at issue here. Indeed, Plaintiff functionally concedes the unreasonableness of the billing previously submitted to Defendants ($71,643.50 for all work through October 29, 2023) by reducing the demand for fees in Plaintiff's December 15, 2023 fee motion ($68,620.00 for work through October 29, 2023). The discrepancy is largely due to the "discounted hourly rate" Plaintiff seeks in their motion for attorney K. Cassidy, the primary biller for the federal action up until October 29, 2023. *See* Pl. Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Mem.") at 15. However, the discount is merely illusory, as Cassidy's pre-adjusted rate billed to Defendant prior to Plaintiff's fees motion (**$700-1000/hour**), is vastly inflated compared to her contemporaries in S.D.N.Y—as are generally the unchanged rates for other billers here (e.g., $375/hour for D. Hochbaum, $240/hour for G. Miller). *See  M.R. v. N.Y.C. Dep't*

*of Educ.*, 21-cv-5503(VEC)(S.D.N.Y. October 31, 2022) (Assigning hourly rates of $367.50 to senior attorneys, $210.00/hour for mid-level associates, and $168.00/hour to a junior attorney), *T.A. v. N.Y.C. Dept. of Educ.*, 21-cv-7104 (GHW) (S.D.N.Y. Aug. 19, 2022) (Judge Woods finding "extreme" inter alia, the purportedly billed rate of $550/hour for A. Cuddy, an IDEA attorney with more special education experience than K. Cassidy). The effect of Plaintiff's bait and switch tactic when billing Defendant versus when seeking an award of fees from this Court is to create a moving target which impedes settlement between the parties and calls into question the veracity and good faith of the billing originally presented to Defendant.

Secondly, the administrative hearing did not raise novel or difficult questions weighing in favor of lower rates. Parents alleged that the DOE failed to provide a free appropriate public education ("FAPE") for school years 2011-12 through 2018-19, seeking relief such as nonpublic school placement, compensatory services and evaluations, relief frequently requested by IDEA practitioners, including AFC, in administrative hearings. Moreover, Plaintiff did not gain a substantial amount of the relief requested in their Due Process Complaint by order of the Finding of Fact and Decision ("FOFD") issued for the administrative proceeding because the parties settled Parent's claims for private school placement, transportation and meals prior to the close of the administrative hearings.

Finally, if the Court determines that Plaintiffs are entitled to less than **$54,900.00**[1] for work performed up to October 29, 2023 (the date of Defendant's written offer; *see* The Declaration of Lauren Howland ("Howland Decl."), dated January 24, 2024, ¶22)—as it respectfully should—the

---

[1] The $54,900.00 offered by Defendant ("Offer") does not represent fair compensation, but rather operates as a "fee cap" because it was offered as an early settlement to avoid burdening the Court with motion practice, just as Defendant did in the seven additional "fee cap" decisions issued by S.D.N.Y. Judges in the past few months as discussed in POINT I *infra*.

Court should "cap" recoverable billed hours and costs as of that date. *See e.g.*, *Y.S. v. DOE,* 21-cv-5878 (JPC) (apply IDEA fee cap as of date Defendant served its written offer).

Indeed, for the reasons discussed below, the DOE respectfully requests that the Court award no more than **$39,046.00** for work performed on the administrative proceeding and no recovery for work performed on the federal action; or, alternatively, no more than **$39,550.00** for both the administrative proceeding and the federal action. Defendant calculates these numbers by (A) for work billed on the administrative hearing: (i) using rates of $367.50/hour for R. Shore and K. Cassidy, $325/hour for D. Hochbaum, $225/hour Gena Miller and B. Kitchelt, $125/hr. for T. Sebastian, and $100/hour for all paralegal work; and (ii) reducing by 30% the hours billed on the administrative proceeding; and (B) for work performed on the federal fees action (i) using $200/hour for all attorney hours billed for the federal action in accord with Judge McMahon's decision in *C.B.*, 18-cv-7337 (CM), 2019 U.S. Dist. LEXIS 111636, and $100/hour for all paralegal work; and (ii) and reducing by 80% billed hours on the federal work up until the date of DOE's written offer (if the Court finds Plaintiffs are entitled to recover at all for the federal work).

## STATEMENT OF FACTS

Plaintiff is a prevailing party in the administrative proceeding below and thus entitled to reasonable fees and costs. Plaintiffs demand unreasonable hourly rates and bill excessively. Defendants accept Plaintiffs Statement of Undisputed Material Facts. *See* ECF No. 42.

## LEGAL STANDARD

A "court…may award reasonable attorneys' fees…to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)-(F). But "[f]ee-shifting statutes are not a license to soak one's opponent." *B.B.*, 2018 U.S. Dist. LEXIS 38271, at *6. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When requested rates "exceed[] the hourly rate

prevailing in the community" of practitioners, or "the time spent…w[as] excessive considering the nature of the…proceeding…the court shall reduce, accordingly, the amount of the attorneys' fees awarded." *Id*. The "Court may take judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Errant Gene Therapeutics, LLC v. Sloan- Kettering*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018). The Second Circuit has "directed consideration of the case-specific variables…including the *Johnson* factors—in setting a reasonable hourly rate." *Torres v. Gristedes Operating Corp*., 519 F. App'x 1–4 (2d Cir. 2013).[2] The court "must exclude '[h]ours that are excessive, redundant, or otherwise unnecessary...'" *Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96, 97 (2d Cir. 2017).

## ARGUMENT

### I.  AFC/LTL REJECTED DOE'S EXCEEDINGLY GENEROUS WRITTEN OFFER OF SETTLEMENT, WASTING JUDICIAL RESOURCES, IN PURSUIT OF UNJUST WINDFALL *VIA* FEES MOTIONS

In the event that this Court awards a total amount under $54,900.00 for all work performed up through October 29, 2023—the date of the formal settlement offer (*see* Howland Decl., ¶22)—Plaintiff should not be awarded any further compensation. Pursuant to the IDEA, services performed after a written offer of settlement are not compensable if "the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer." 20 U.S.C. § 1415(i)(3)(D)(i).

---

[2] "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008). "*Arbor Hill* did not hold that district courts must recite and make separate findings as to all twelve Johnson factors." *Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009); *S.J.*, 2020 U.S. Dist. LEXIS 194258, at *7 (same).

In consideration of the unnecessary motion practice AFC/LTL has burdened this Court with by rejecting Defendant's exceedingly reasonable written offer, the Court should apply a steep cut to Plaintiff's fee demand by applying appropriate hourly rates, reducing the billed hours which are grossly excessive, and applying the IDEA's "fee cap" as of the date Defendant served its written offer of $54,900.00.

In the interest of early settlement of these IDEA fees-only claims—and to relieve the Court of needless motion practice—Defendant carefully analyzes plaintiffs' fee claims and provides appropriate offers. For example, in *Y.S. v. DOE,* 21-cv-5878, Your Honor imposed the IDEA fee cap cutting off recovery for work performed after Defendant served a written offer in that case. Judges in this district have repeatedly endorsed "a more cooperative approach to fee disputes," *see D.P.*, 2022 U.S. Dist. Lexis 5002, in which Defendants have attempted to engage.  Indeed, one Court has recently admonished an IDEA practitioner to "take…a lesson," from the experience of wasting resources of motion practice only to obtain lesser awards than Defendants' initial reasonable offers. *C.L. v. N.Y.C. Dep't. of Educ.*, 21-cv-7094(RA) 2022 U.S. Dist. LEXIS 177926 (S.D.N.Y. Sep. 29, 2022).

As borne out by the numerous decisions and reports and recommendations cited below, Defendants' early offers often exceed the eventual awards plaintiffs obtains through motion practice. *See e.g. Y.S. v. DOE,* 21-cv-5878 (JPC) (DOE offered **$32,100.00**, Judge Cronan "fee-

capped" the award at **$25,223.73**).[3]  In each of the foregoing, plaintiffs were precluded from recovery fees for all work performed after the date of DOE's written offer.[4]

In the event that this Court awards a total amount under $**54,900.00** for all work performed up through October 29, 2022—the date of the written settlement offer (*see* Howland Decl. at 22)—AFC/LTL should not be awarded any further compensation.  *See* 20 U.S.C. § 1415(i)(3)(D)(i).

## II.   THE HOURLY RATES "BILLED" BY PLAINTIFF ARE UNREASONABLE

Plaintiff requests hourly rates for AFC/LTL attorneys that exceed the rates generally awarded to IDEA attorneys in this district without providing any evidence as to why such rates would be appropriate.  While the Court is not required to discuss each of the *Johnson* factors in turn, no single factor supports Plaintiffs' proposed hourly rates.

While Plaintiff's counsel has presented no persuasive evidence with respect to the *Johnson* factors in support of their requested rates they nevertheless ask the Court to assign rates based on "*round-robin*" "practitioner declarations"—which many S.D.N.Y. judges have rejected *See* Pl.

---

[3]  See also, *H.W. v. DOE,* 21-cv-8604 (JLR) (DOE offered **$27,434.00**, Judge Rochon "fee-capped" the award at **$21,386.29**); *F.R. v. DOE*, 22-cv-1776 (VEC)(GWG) (R&R adopted. DOE offered **$40,750.00**, Magistrate Judge Gorenstein "fee-capped" the award at **$39,760.37**);  *E.W. v. DOE* 21-cv-11208 (VEC) (DOE offered $38,000.01, Judge Caproni "capped" at **$37,286.08**); *M.Z.,* 21-cv-9451 (AT) 2023 U.S. Dist. LEXIS 42998 (DOE offered $16,000.00, Judge Torres "fee capped" the award at **$15,819.86**); *N.A.,* 21-cv-2643(PGG) (DOE offered **$29,720.00**, Judge Gardephe "fee capped" the award at **$26,392.05** for work performed through the date of offer); *M.R.*, 21-cv-5503 (VEC), 2022 U.S. Dist. LEXIS 198294 (DOE offered **$28,000.00**, Judge Caproni "fee capped" the award at **$23,977.87**); *V.W.*, 21-cv-6495 (PGG) (KHP), 2022 U.S. Dist. LEXIS 179510 (R&R, CLF's Objections pending: DOE offered **$27,500**, Magistrate Judge Parker "fee capped" the award at **$27,340.47**); *K.E.*, 2022 U.S. Dist. LEXIS 172839 (DOE offered **$67,500.00**, Judge Failla "fee capped" the award at **$63,083.27**); *T.A.*, 21-cv-7104, 2022 U.S. Dist. LEXIS 149319 (GHW) (DOE offered **$20,256.90**, Judge Woods "fee capped" the award at **$19,079.50**); *R.P.*, 2022 U.S. Dist LEXIS 76873 (DOE **$19,192.50** Judge Furman "fee capped" the award at **$18,007.02**); *F.N.*, 21-cv-3379 (JPO), 2022 U.S. Dist. LEXIS 148346 (DOE offered **$21,022.50**, Judge Oetken "fee capped" the award at **$19,927.00**); *H.C.,* 2021 U.S. Dist. LEXIS 113620 (DOE offered **$40,001.00** Judge Cott "fee capped" the award at **$38,951.31**).

[4]  See also *C.L. v. N.Y.C. Dep't.. of Educ.,* 21-cv-7094(RA)(BCM) (S.D.N.Y. Nov. 22, 2022) where Plaintiffs were entitled to $16,021.25 at the time of Plaintiff's written offer of $16,000.00.

Mem. at 18-19. (*See, e.g., E.F. v. N.Y.C. Dept. of Educ.*, 11-cv-5243 (GBD)(FM), 2012 U.S. Dist.

LEXIS 16394, at *11 (S.D.N.Y. Feb. 6, 2012) (emphasis added)).

A.   ***Johnson* Factors (1) Time and Labor Required; (2) Novelty and Difficulty; and (3) Level of Skill Required: Rates Should be Reduced Due to Lack of Complexity**[5]

There is nothing unique or nuanced about the simple administrative proceeding at issue here

that would warrant rates higher than those given to the most experienced and successful IDEA

practitioners in this district. *See generally M.R.*, 21-cv-5503(VEC).

The administrative proceeding below was uncontested, with DOE presenting no witnesses nor

submitting any exhibits. Additionally, on or about June 4, 2020, a substantial amount of relief

including placement of Student at nonpublic school, transportation and meals were settled by DOE

and Plaintiff.

In *S.S. v. N.Y.C. Dep't of Educ.*, 20-cv-1923 (JPC), Your Honor awarded, for an uncontested

matter, $400/hour for senior IDEA practitioners, $300/hour for mid-level attorneys, and $200/hour

for junior attorneys with 1-2 years of experience.   Last year, the Second Circuit weighed in on

reasonably hourly rates in IDEA fees cases involving the Cuddy Law Firm ("CLF") in *H.C. v. New

York City Dep't of Educ.*, 20-cv-844 (JLC), 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17,

2021), *aff'd*, 71 F.4th 120 (2d Cir. 2023).[6] There, the Circuit affirmed fourteen unrelated decisions

---

[5] Hourly rates for work performed on the simple fee application in the federal action should be substantially reduced, as discussed *infra* at § III.A.ii.

[6] *H.C.* heard 14 CLF appeals *in tandem* and affirmed each one, and for ease of reading, those affirmance citations to each of those cases are omitted *passim*:

  (i) *R.P.,* 21-cv-4054(JMF), 2022 U.S. Dist. LEXIS 76873 (S.D.N.Y. Apr. 27, 2022) (fully briefed Oct. 26, 2021; (a) full demand $56,340.58, (b) DOE July 7, 2021 Offer $19,192.50, (c) ***FEE CAP***: CLF's total billing through that date at the Court's hourly rates is $18,007.02, (d) $18,007.02 total award ($16,014.00 admin. work, $1,524.25 federal, $468.77 costs); overall **68%** reduction to CLF billing);

  (ii) *N.G.B.,* 20-cv-6571 (JGK), 2022 U.S. Dist. LEXIS 47068 (S.D.N.Y. March 16, 2022) (fully briefed Oct. 15, 2021; (a) full demand $80,740.14, (b) no DOE Offer, (c) $34,384.52 total award ($13,573.00 admin. work, $20,200.00 federal, $611.52 costs); overall **57.5%** reduction to CLF billing);

  (iii) *A.W.,* 20-cv-6799 (JPC) (S.D.N.Y. March 10, 2022) (bench trial; fully briefed Oct. 15, 2021; (a) full

demand $108,597.75, (b) DOE April 12, 2021 Offer $39,000.00, (c) $61,374.17 total award ($43,151.00 admin. work, $17,662.00 federal, $561.17 costs); overall **43.5%** reduction to CLF billing);

(iv) *H.A.,* 20-cv-10785 (PAE), 2022 U.S. Dist. LEXIS 33561 (S.D.N.Y. Feb. 25, 2022) (fully briefed Oct. 22, 2021; (a) full demand $47,094.05, (b) no DOE Offer, (c) $22,866.73 total award ($8,918.00 admin. work, $13,229.60 federal, $719.13 costs); overall **51.5%** reduction to CLF billing);

(v) *H.W.,* 20-cv-10591 (RA), 2022 U.S. Dist. LEXIS 31987 (S.D.N.Y. Feb. 23, 2022) (fully briefed Jan. 21, 2022; (a) full demand $109,639.43, (b) DOE Dec. 30, 2020 Offer $54,500.00—no fee cap despite CLF entitled to less than $54,500.00 as of date of Offer because CLF was substantially justified in rejecting Offer due to outstanding implementation issues, (c) $59,680.53 total award ($46,462.50 admin. work, $12,715.00 federal, $503.03 costs); overall **45.6%** reduction to CLF billing);

(vi) *L.L.,* 20-cv-2515 (JPO), 2022 U.S. Dist. LEXIS 25047 (S.D.N.Y. Feb. 9, 2022) (fully briefed July 28, 2021; (a) full demand $86,456.39, (b) no DOE Offer, (c) $33,239.49 total award ($23,731.00 admin. work, $8,876.00 federal, $632.49 costs); overall **61.5%** reduction to CLF billing);

(vii) *S.H.,* 21-cv-4967 (LJL), 2022 U.S. Dist. LEXIS 14385 (S.D.N.Y. Jan. 26, 2022) (fully briefed Jan. 5, 2022; (a) full demand $63,720.00, (b) no DOE Offer, (c) $35,647.45 total award ($26,450.00 admin. work, $8,320.50 federal, $876.95 costs); overall **44%** reduction to CLF billing);

(viii) *D.P.,* 21-cv-27 (KPF), 2022 U.S. Dist. LEXIS 5002 (S.D.N.Y. Jan. 10, 2022) (fully briefed Aug. 30, 2021; (a) full demand $69,676.70, (b) no DOE written offer ("Offer"), (c) $31,581.70 total award ($20,378.50 admin. work, $10,290.00 federal, $913.20 costs); overall **54.7%** reduction to CLF billing)

(ix) *V.W.,* 20-cv-2376 (RA), 2022 U.S. Dist. LEXIS 1289 (S.D.N.Y. Jan. 4, 2022) (fully briefed July 26, 2021; (a) full demand $88,095.76, (b) no DOE Offer, (c) $48,377.21 total award ($29,256.50 admin. work, $17,862.50 federal, $1,258.21 costs); overall **45%** reduction to CLF billing);

(x) *A.G.,* 20-cv-7577 (LJL), 2021 U.S. Dist. LEXIS 201748 (S.D.N.Y. Oct. 19, 2021) (fully briefed June 18, 2021; (a) full demand $54,651.00, (b) no DOE Offer, (c) $22,834.52 total award ($10,694.50 admin. work, $10,924.00 federal, $1,216.02 costs); overall **58.2%** reduction to CLF billing);

(xi) *M.H.,* 20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419 (S.D.N.Y. Oct. 1, 2021) (fully briefed July 23, 2021; (a) full demand $191,436.65, (b) no DOE Offer, (c) $99,699.88 total award ($56,487.00 admin. work, $42,542.00 federal, $670.88 costs); overall **48%** reduction to CLF billing).

(xii) *J.R.,* 19-cv-11783 (RA), 2021 U.S. Dist. LEXIS 146057 (S.D.N.Y. Aug. 4, 2021) (fully briefed Feb. 23, 2021; (a) full demand $76,902.15, (b) no DOE Offer, (c) $41,532.75 total award ($20,540.00 admin. work, $18,986.40 federal, $2,006.35 costs); overall **46%** reduction to CLF billing);

(xiii) *M.D.,* 20-cv-6060 (LGS), 2021 U.S. Dist. LEXIS 132930 (S.D.N.Y. July 16, 2021) (fully briefed Feb. 15, 2021; (a) full demand $67,596.73, (b) no DOE Offer, (c) $29,039.95 total award ($21,787.50 admin. work, $6,695.00 federal, $557.45 costs); overall **57%** reduction to CLF billing);

(xiv) *H.C.,* 20-cv-844 (JLC), 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021) (fully briefed Dec. 1, 2020; (a) full demand $92,531.19, (b) DOE Oct. 7, 2020 Offer $40,000.01, (c) ***FEE CAP***: award ($33,981.20 admin. work, $4,003.20 federal, $966.91 costs); overall **58%** reduction to CLF billing).

CLF's total billing through Oct. 7 at Court's hourly rates is $38,951.31, (d) $38,951.31 total CLF's total billing through Oct. 7 at Court's hourly rates is $38,951.31, (d) $38,951.31 total.

(ix) *V.W.,* 20-cv-2376 (RA), 2022 U.S. Dist. LEXIS 1289 (S.D.N.Y. Jan. 4, 2022) (fully briefed July 26, 2021; (a) full demand $88,095.76, (b) no DOE Offer, (c) $48,377.21 total award ($29,256.50 admin. work, $17,862.50 federal, $1,258.21 costs); overall **45%** reduction to CLF billing);

(x) *A.G.,* 20-cv-7577 (LJL), 2021 U.S. Dist. LEXIS 201748 (S.D.N.Y. Oct. 19, 2021) (fully briefed June 18, 2021; (a) full demand $54,651.00, (b) no DOE Offer, (c) $22,834.52 total award ($10,694.50 admin. work, $10,924.00 federal, $1,216.02 costs); overall **58.2%** reduction to CLF

on the CLF's IDEA fees motions in cases against the New York City DOE (with the exception of reversing the denial of any travel time in *M.D.*), affirming (a) hourly rate ranges of $350/hour to $420/hour for senior CLF attorneys, $200/hour to $310/hour for midlevel attorneys, and $150/hour to $250/hour for junior attorneys, (b) two "fee cap" Opinions and (c) substantial reductions to billed time in all fourteen cases (ranging from 43.5% to 68%) for an average reduction of 52.75%.

In *S.S.*, moreover, the majority of the time was billed by mid-level attorneys—as is the case here—who were awarded $300/hour.   Here, the majority of the attorney time billed in the administrative proceeding was by D. Hochbaum, an attorney who, billing at $375/hour, should have been able to use his 6-8 years of experience to reduce the amount of time and labor required to win this case; and who should have delegated more of that work to junior attorneys and/or paralegals.

Plaintiff provides no evidence that this matter was in any way novel or required higher skill than the average IDEA case.   The only reference to the nature of this case Plaintiff offers is an

---

billing);

   (xi) *M.H.,* 20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419 (S.D.N.Y. Oct. 1, 2021) (fully briefed July 23, 2021; (a) full demand $191,436.65, (b) no DOE Offer, (c) $99,699.88 total award ($56,487.00 admin. work, $42,542.00 federal, $670.88 costs); overall **48%** reduction to CLF billing).

   (xii) *J.R.,* 19-cv-11783 (RA), 2021 U.S. Dist. LEXIS 146057 (S.D.N.Y. Aug. 4, 2021) (fully briefed Feb. 23, 2021; (a) full demand $76,902.15, (b) no DOE Offer, (c) $41,532.75 total award ($20,540.00 admin. work, $18,986.40 federal, $2,006.35 costs); overall **46%** reduction to CLF billing);

   (xiii) *M.D.,* 20-cv-6060 (LGS), 2021 U.S. Dist. LEXIS 132930 (S.D.N.Y. July 16, 2021) (fully briefed Feb. 15, 2021; (a) full demand $67,596.73, (b) no DOE Offer, (c) $29,039.95 total award ($21,787.50 admin. work, $6,695.00 federal, $557.45 costs); overall **57%** reduction to CLF billing);

   (xiv) *H.C.,* 20-cv-844 (JLC), 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021) (fully briefed Dec. 1, 2020; (a) full demand $92,531.19, (b) DOE Oct. 7, 2020 Offer $40,000.01, (c) **_FEE CAP_**: CLF's total billing through Oct. 7 at Court's hourly rates is $38,951.31, (d) $38,951.31 total award ($33,981.20 admin. work, $4,003.20 federal, $966.91 costs); overall **58%** reduction to CLF billing).

affirmative statement that the student in question has an intellectual disability.   There is no evidence to suggest that the student's diagnosis made this case more difficult to litigate FAPE issues than it would otherwise have been, nor is there any evidence that this case took more skill than a standard contested IDEA dispute.

There is nothing unique or nuanced about the simple administrative proceeding at issue here that would warrant rates higher than those assigned in recent fees decisions, including *M.D. v. N.Y.C. Dep't of Educ.,* 20-cv-6060(LGS) (assigning . senior attorneys $375/hour) and *H.C.,* 20-cv-844(JLC) (assigning senior attorneys/founder $360/hour, mid-level attorneys $300/hour, and $100/hour for all paralegals), both of which were affirmed in *H.C.*, 71 F.4th 120 (2d. Cir. 2023). *See also M.R.*, 21-cv-5503 (VEC)(SN) (Caproni, J., in *moderately contested* admin. case, assigning $367.50/hour for senior attorneys/founder, $183.75-$210/hour for mid-level attorneys, $168/hour for junior attorneys, $125/hour for paralegal Slaski, and $100/hour for all other paralegals); *J.P.,* 21-cv-10961 (PAE) (Engelmayer, J., in *uncontested* admin. case, assigning $375/hour for senior attorney/founder, $275-$300/hour mid-level attorneys); *H.W.*, 21-cv-8604 (JLR)(SN) (Rochon, J., in *minimally contested* admin. case, assigning $380/hour for senior attorney/founder, $300/hour for mid-level attorney, $225/hour for junior attorney, $125/hour for senior paralegal and $100/hour for other paralegals); *N.A.,* 21-cv-2643 (PGG) (Gardephe, J., for *uncontested hearing,* $375/hour for senior attorney/founder, $300/hour for mid-level attorneys, $200-$225/hour for junior attorneys, $125/hour for senior paralegals, $100/hour for all other paralegals); *T.A.,* 2022 U.S. Dist. LEXIS 149319 *14 (Woods, J., for *uncontested hearing*: $375/hour for senior attorney/founder, $275/hour for Coretti, $100/hour for paralegals); *F.N.,* 2022 U.S. Dist. LEXIS 148346 at *11 (Oetken, J., for *uncontested hearing*, $375/hour for senior attorneys/founder, $300/hour for mid-level attorney, $250/hour for C. Rooker, $100-$120/hour for

paralegals);;  *K.L.*, 2013 U.S. Dist. LEXIS 126933, at *22, *aff'd*, 2014 584 F. App'x 17 (Cote, J., $250/hour for senior attorneys/founder); *C.B.*, 2019 U.S. Dist. LEXIS 111636, at *13 (McMahon, J., despite *very contested* administrative hearing, $200/hour for senior attorneys/founder for work performed in federal action).

Even in cases where heavily litigated administrative proceedings are at issue (unlike here, where DOE did not call witnesses or submit exhibits); *see* Hillman Decl., ¶8), courts routinely assign hourly rates to attorneys equal to or far lower than those requested here.  For example, while Judge Liman in *M.H. v. DOE*, 20-cv-1923 (LJL) 2021 U.S. Dist. LEXIS 190419 assigned senior attorneys $420/hour, that case was a *highly contested* administrative action, and, the bulk of the billing in that case was for work performed by mid-level attorneys, who were both assigned $280/hour, and by a junior attorney who was assigned $200/hour. *See id.*  (Notably, in *A.G.,* Judge Liman assigned one senior attorney $400/hour—$20/hour <u>less</u> than the Court assigned him just two weeks earlier in *M.H.*, noting the lower level of complexity.  *See A.G.*, 20-cv-7577.)  Further, in *M.H.* the DOE put on two witnesses, and Plaintiff entered 59 exhibits and put on five witnesses. Conversely, here, Plaintiff entered only 35 exhibits, DOE presented no evidence and put on no witnesses. *See* Hillman Decl., ¶8.

Next, for federal fee application work, AFC/LTL should be assigned even lower rates.  In assigning $200/hour for "cookie-cutter" work in a federal IDEA fees action, Judge McMahon stated, "[t]his kind of work requires a low level of skill." *C.B.*, 18-cv-7337 (CM).  When applying a 10% discount to federal rates billed by CLF on a fees motion, Judge Moses stated,

> the work, particularly at the administrative stage, entails 'greater risk and requires 'more skill' than the 'more quotidian' tasks associated with 'negotiating with [DOE] over attorneys' fees and presenting Plaintiff's argument with respect to attorney's fees.' […] Plaintiff is therefore correct that, when determining the reasonable hourly rates for CLF attorneys, 'a higher rate should be awarded for

work performed at the IDEA administrative proceedings' than for the same firm's later work in connection with its fee application.

*C.M.,* 21-cv-5799 (VSB)(BCM) (S.D.N.Y. Aug. 29, 2022).  And, in a Aug. 4, 2023 Report & Recommendation adopted by Judge Caproni on Sept. 13, 2023, Judge Gorenstein assigned $200/hour for an attorney—with more than 20 years of experience—for work on an IDEA fees matter where:

> the briefs themselves evince a quality of work performed…that does not reflect the level of proficiency that should be expected of an attorney with [25 years complex litigation experience]…  Accordingly, … a rate of $200 per hour, commensurate with a junior associate's rate" is appropriate.

*F.R.*, 22-cv-1776 (VEC)(GWG).  The minimal complexity and low quality of work present here, *i.e.*, the copy-and-paste[7] nature of AFC/LTL's moving papers, combined with the underdeveloped arguments made therein support similarly low-end rates in line with Magistrate Judge Gorenstein's award in *F.R.*

## B.  *Johnson* Factors (4) Preclusion of Employment, and (5) Customary Rate, and (6) Fee Structure: AFC's Rates are Not Customary or Necessary

First, AFC/LTL provides no evidence that taking this case precluded them from litigating other cases, and the number of IDEA administrative matters handled by AFC/LTL shows that it was, in fact, not precluded from taking other cases—in fact they allege that through their Pro Bono Partners Program, they are able to maximize the number of cases they take on. *See* ECF No. 46 at 2-3.  Next, Plaintiff asks this Court to recognize the declarations of IDEA and other practitioners in the S.D.N.Y. (*see* ECF Nos. 38-41) while, at the same time, disregard the rates established by recent decisions adjudicating IDEA fees motions in similar cases. *See* Pl. Mem. at 20-25.  Judges in this District have repeatedly declined to rely on declarations such as those relied on by Plaintiff

---

[7] Compare, for instance, Pl.'s Mem. of Law filed herein with Pl.'s Mem. of Law filed in *S.W.* 22-cv-3592 (LGS)(JW) (ECF No.30); *D.B.* (AT)(KHP) 18-cv-7898 (ECF No. 28) (same).

in this matter, noting that such "affidavits…may leave out context that rationalizes the rates billed." *S.J.* 2021 U.S. Dist. LEXIS 6180 at *9 (internal quotations omitted).[8]   Nevertheless, Defendant welcomes Plaintiff's invitation to consider the *Johnson* factors "holistically" (see Pl. Mem. at 21), because cases adjudicating <u>*non*-IDEA, complex federal substantive litigation</u> <u>pursuant to Section 1983, the ADA, ERISA and FLSA</u>—procedurally far more complex and difficult than IDEA administrative hearings against the DOE—compel the same conclusion. Unlike complex federal litigation, IDEA administrative proceedings are <u>not</u> governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure or by the Local Rules for the Southern District. *See* Declaration of Emily Goldman ("Goldman Decl."), dated Jan. 24, 2024, ¶¶6-9.   In addition, these administrative proceedings do not involve, *inter alia*, e-discovery, depositions, motions pursuant to Rules 12(b), 12(c), 11, 50, 56, motions *in limine*, jury selection, *voir dire*, or motions notwithstanding the verdict. *See id.*

As recently noted by Judge Abrams, fee awards for civil rights cases in the S.D.N.Y. start around $250/hour and plateau, even in unusually complex and/or high-profile cases, at $650/hour. *Olaechea v. City of N.Y.*, 17-cv-4797 (RA), 2022 U.S. Dist. LEXIS 142037 (S.D.N.Y. Aug. 9, 2022) (collecting cases) (assigning junior attorney $250/hour and senior attorney $450/hour for **Title VII action**). *See also Goodwin v. Hawker Dayton Corp.,* 19-cv-4284 (LGS)(GWG), 2019 U.S. Dist. LEXIS 203159, at *17 (S.D.N.Y. Nov. 22, 2019) (Schofield, J., assigning $325/hour to partners with 10-20 years in **ERISA case**); *Brennan v. City of Middletown*, 18-cv-6148 (PED),

---

[8] *See* also *C.B.*, 2019 U.S. Dist. LEXIS 111636, at *16-17 (same); *E.F.* 2012 U.S. Dist. LEXIS 16394, at *11 (rejecting practioners declarations as "it appears that …IDEA attorneys engage in a <u>round-robin</u>, in which each supports the others' fee applications by providing sworn statements for submission to the Court") (emphasis added); *C.D. v. Minisink Valley Cent. Sch. Dist.*, 17-cv-7632 (PAE), 2018 U.S. Dist. LEXIS 134646 at *17 n.9 (S.D.N.Y. Aug. 9, 2018) (same). *See also M.H.*, 2021 U.S. Dist. LEXIS 190419, at *32 (same); *G.T.*, 2020 U.S. Dist. LEXIS 25557 at *11 (same); *O.R.*, 340 F. Supp. 3d 357 at *365 (same); *R.G.*, 2019 U.S. Dist. LEXIS 166370 at FN 4 (same); *A.D.*, 18-cv-3347 (VEC), 2019 U.S. Dist. LEXIS 47238, at *12n.4 (S.D.N.Y. Mar. 21, 2019) (same).

2020 U.S. Dist. LEXIS 120195, at *35-37 (S.D.N.Y. July 8, 2020) (reducing rate for "experienced" civil rights attorney from $450 to $250/hour in **§1983 action**); *Medina v. Bother*, 15-cv-1955 (LAP), 2019 U.S. Dist. LEXIS 156139, at *24 (S.D.N.Y. Sep. 12, 2019) (reducing rate for "competent and seasoned" civil rights attorney from $500 to $400/hour in **§1983 action**); *Guang Ping Zhu v. A Plus Kitchen Inc.*, 16-cv-5767 (VSB)(KNF), 2019 U.S. Dist. LEXIS 91728, at *15 (S.D.N.Y. May 29, 2019) ($400/hour for attorney with 25 years' experience; $325/hour to attorney with 14 years' experience in "simple and straightforward **FLSA case**); *Swartz v. HCIN Water St. Assocs., Ltd. Liab. Co.*, 17-cv-4187(ER), 2018 U.S. Dist. LEXIS 186255, at *11 (S.D.N.Y. Oct. 31, 2018) (in **ADA case**, reducing rate from $425-$400/hour for attorney with 43 years' experience—18 years in civil rights—noting "experience, reputation, and ability"); *Durso v. Modern Food Ctr., Inc.*, 17-cv-7324 (LAK)(GWG), 2018 U.S. Dist. LEXIS 101607, at *5 (S.D.N.Y. Jun. 18, 2018) ($325/hour to partner with 15 years' experience in **ERISA case**); *Bowman v. Maygina Realty*, 14-cv-5423 (JMF), 2016 U.S. Dist. LEXIS 87347, at *13 (S.D.N.Y. July 6, 2016) (finding $600/hour excessive for "pedestrian and boilerplate **disability discrimination case;**" assigning $200/hour to attorney with 6 years' experience and $300/hour to attorney with 10 years' experience); *John v. Demaio*, *Sheet Metal Workers*, 13-cv-7741 (PAE), 2015 U.S. Dist. LEXIS 108646, at *24-26 (S.D.N.Y. Aug. 18, 2015) ($300/hour to partner with 42 years' **ERISA** experience; $225/hour to attorney with 5 years' experience).

As Plaintiff has not shown that the work at issue here is in any way comparable to substantive litigation in federal court under ERISA, FLSA, ADA or §1983, the Court should assign hourly rates <u>well below</u> those rates typically assigned to experienced civil rights litigators who practice complex and substantive litigation in federal court.

Finally, while Plaintiff provides no information on their fee structures in this matter, the hourly rates charged here must still be reasonable, were a client to pay them, which they do not.

## C.   *Johnson Factors* **(7) Time Limitations (8) Results Obtained Support Reduced Rates**

Plaintiff has not indicated that any time limitations existed, and to the contrary, billed for eight months prior to even filing the Due Process Complaint (*see* ECF No. 45-1, *passim*), and engaged in 11 months of settlement discussions with Defendants while the hearing was continued. *See* Hillman Decl., ¶¶8-9.  There is no justification, therefore, for an increased hourly rate to offset a non-existent time crunch.  The Parent did <u>not</u> obtain unusually complex relief. *See id.*, ¶12.  In contrast, the FOFD awards certain services and evaluations to account for the denial of FAPE during the school years at issue[9]. *See id.*, ¶11.  These are common forms of relief typically awarded to plaintiffs in IDEA administrative proceedings. *See id.*, ¶12.

## D.   *Johnson* **Factors (10) Undesirability, (11) Client Relationship, and (12) Awards in Similar Cases: This Matter was Desirable and Similar to Other Cases**

Plaintiff does not allege that the issues in this case were especially novel or difficult, nor does it appear that this matter was 'undesirable.'  Rather, this appears to have been a standard action for special education and related services (internal citation omitted)." *T.A.,* 2022 U.S. Dist. LEXIS 36991at *8 (noting that an uncontested administrative action was not more undesirable than the average IDEA case).  It does not matter if IDEA cases are somehow less desirable than other civil rights cases (no evidence of that), or if there are fewer IDEA attorneys than necessary (again, no evidence of that either).  Instead, what matters here is whether this case is less desirable when compared to other IDEA cases.  Plaintiff has submitted no evidence supporting that assertion.

---

[9] Whereas Plaintiff's memoranda of law in support of their fee motion misrepresents the relief awarded by the FOFD, claiming the Impartial Hearing Officer ordered DOE to pay for T.B.'s tuition at Cooke Center Academy ("Cook"), placement and payment of tuition at Cooke was agreed to parties before close of the hearings..

Further, while Plaintiff does not allege that this matter was unique or notable in some way, this was a simple, nominally uncontested IDEA administrative proceeding where Plaintiff presented only two witnesses. *See* Hillman Decl., ¶8.  The S.D.N.Y. has assigned hourly rates in dozens of similar matters over the last few years far lower than Plaintiff demands.

Finally, hourly rates for work performed on the simple fees application in the federal action should be substantially reduced, in accord with *S.F.,* 21-cv-11147 (PAE) (S.D.N.Y. July 13, 2023) (Engelmayer, J., assigning $200/hr. for all 23.92 hours allowed billed by senior attorney with 25 years a complex civil right litigation) and *L.M.,* 21-cv-11175 (AT)(BCM) (S.D.N.Y. March 14, 2023) (recommending lower rates for federal action attorney work because

> The administrative work entails 'greater risk' and requires 'more skill' than the 'more quotidian' tasks associated with 'negotiating with [DOE] over attorneys' fees and presenting Plaintiff's argument with respect to attorney's fees.' […] Plaintiff is therefore correct that, when determining the reasonable hourly rates for CLF attorneys, 'a higher rate should be awarded for work performed at the IDEA administrative level' than for the same firm's later work in connection with its fee application.

*Id.*

### E.  The Hourly Rates for AFC Support Staff Should Also Be Reduced

Without citing any case law in support, AFC/LTL seeks a "discounted hourly rate" from an unsupported $400/hour to $150/hour for "first-year law clerk" work by T. Sebastian, who was not admitted to practice law in New York when she began work on the federal action, and based on an a search of the New York State Unified Court System, is still not currently admitted to practice, despite, based on her resume, having sat for the July 2023 bar exam (ECF No 37-3 at 2). S.D.N.Y. Judges consistently assign $100-125/hour for paralegal work. *See H.C.*, 71 F.4th 120, 127(2d. Cir. 2023). Moreover, and set forth more fully in the reasonable hours section, *infra*, T. Sebastian billed egregiously to research basic IDEA case law (*e.g.*, a combined 8.0 hours to research FAPE under the IDEA), which demonstrates a lack of experience and expertise and does not justify an increased

rate. Having failed to show some unusual complexity, AFC/LTL should be compensated at no more than $100/hour for paralegal work.

### III. PLAINTIFF'S BILLING RECORDS REFLECT EXCESSIVE BILLING

In evaluating fee applications, courts must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). *See also S.W. v. Dept. of Educ.*, 22-cv-3592 (S.D.N.Y. Sept. 7, 2023) (applying **20%** reduction to 76.1 hours billed by AFC due to "vagueness" of billing records, among other reductions, totaling a 34.3% overall reduction to AFC's demand). "[A]court may use a percentage reduction 'as a practical means of trimming fat from a fee application.'" *O.R.*, 340 F. Supp. 3d at 367.

### 1) Excessive Billing for the Administrative Proceedings

As the Court is aware, unlike most ordinary fee applications in a federal litigation, Your Honor did not preside over the substantive litigation here, *i.e.*, the IDEA administrative proceeding; nor did the NYC Law Department represent the DOE at that hearing. Even more unusually, Plaintiff is represented in this fees action by LTL, a firm that did not work on the hearing. Thus, it can be difficult to gauge the credibility of the administrative billing entries at issue here. Defendants have responded to this challenge by reviewing the 10-page administrative billing records closely to highlight specific cases of overbilling, some of which speak to larger patterns.

AFC overbills at every stage of the administrative process, and seeks fees for 172.6 hours of attorney time and 12.2 hours of paralegal time for one administrative proceeding. *See* ECF No. 36 at 17. This amount of time is unreasonable for an uncontested matter. The additional complexity of a *contested* hearing comes in preparing to rebut Defendant's arguments, but here Defendant did not present even a single witness nor an exhibit. While the hearings took over 5 hours, those factors do not justify such a large expenditure of time. In *N.L.-C. v. N.Y.C. Dep't of Educ.*, 20-cv-8243(ER)

(S.D.N.Y.) Mar 18, 2022), Judge Ramos found that 55 total hours (46 hours of attorney time and 9 hours of paralegal time) was reasonable for an uncontested administrative action, where DOE did not inform Plaintiff of their decision not to put on a case until the day of the hearing—as is the case here. While that matter involved shorter hearing time, Plaintiff presented 6 witnesses, three times the number of witnessed presented here, therefore straining the credibility of AFC spending nearly four times the amount of attorney time here while also underutilizing paralegal and support staff.

### i)   Excessive Vague Entries

Much of AFC/LTL's billing records are so vague and ambiguous, it is often difficult to determine to what work a particular entry pertains. *See* Weiswasser Decl. at 42.  Courts have applied large reductions in IDEA fee applications to account vague billing records, which "preclude meaningful review in order to identify excessive, redundant or otherwise deficient entries."  See *S.W. v. N.Y.C. Dept. of Educ.*, 22-cv-3592 (S.D.N.Y. September 7, 2023) at 17 (Schofield, J., applying a 20% reduction to hours worked by AFC on the administrative proceeding based on the "vagueness" of AFC's billing records) (citing *Raja v. Burns*, 43 F. 4th 80, 87 (2d Cir. 2022).

### ii)   Excessive Billing Too Far in Advance of the Due Process Complaint

Courts regularly reduce time billed prior to the filing of the DPC when that work is too attenuated from the administrative action to be useful. Here, AFC began billing in case No. 178855 on February 8, 2018 for ambiguous tasks involving various Student records and evaluations (see, discussion vague billing entries, infra), more than 8 months before the filing of the DPC. (ECF No. 45-1 at *2). *See* Weiswasser Decl., ¶¶ 6-13 During this period, D. Hochbaum alone billed 35.0 hours ($13,125.00). Defendant regularly resolves IDEA fees-only administrative actions wherein

Plaintiff's counsel litigated the entire action for less than 35 hours. *See* Declaration of Emily Goldman ("Goldman Decl."), dated Jan. 24, 2024, ¶5.

In *M.D.*, the Court reduced 84.4 billed hours by 20%, based on finding that 14.8 hours of work performed before filing the Request was unreasonable. *M.D.*, 2021 U.S. Dist. LEXIS 132930, at *13; see also *H.C.*, 2021 U.S. Dist. LEXIS 113620, at *22.

### iii)   Excessive Use of 0.1 Entries

Out of 416 AFC billing entries for the administrative proceedings, 262 are in 0.1 hour increments (63% of billing). *See* Weiswasser Decl. at 25. Courts regularly apply large reductions to excessive 0.1 entries. *See Andert v. Allied Interstate, LLC,* 2013 U.S. Dist. Lexis 10422 (S.D.N.Y., July 13, 2013) (PAC)at *9 (fee award reduced by 70%, due to 0.1 billing). *See also H.A. v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 33561 (S.D.N.Y. Feb. 25, 2022) ("The Court's assessment is that a reasonable paying client would expect a timekeeper to consolidate such tasks into a single time entry, rather than paying for a series of 0.10-hour time entries, each for a task that likely could likely have been discharged in seconds. It follows that it is not reasonable to expect DOE to absorb such costs." *Id.* at 25-26).

This additional "billing for tasks that take no "*more than a few moments*" (Judge Daniels in *Canaveral v. Midtown Diner  NYC, Inc.,* 2019 U.S. Dist. Lexis 151080 (S.D.N.Y. Sep. 5, 2019) (GBD) allows AFC to achieve an incredible windfall, while making it significantly harder for Defendant and the Court to determine which billed time was reasonable. For example, if each 0.1 task took closer to one minute of time instead of the purported 6 minutes, D. Hochbaum's *de facto* compensation rate in this matter is $2,250.00/hour ($37.50x 60 = $2,250.00). *See* ECF 45-1 at 2-9. To illustrate this point, between March 18 and March 26, 2019, Hochbaum billed 1.0 hour in .1 increments to email regarding scheduling for various things including witness testimony, hearings,

and witness preparation.  Not only do these entries overbill for tasks that took less than six minutes, but no attorney should charge their client an attorney rate for administrative task.

### iv)  Excessive Billing for Intra-Office Communication

AFC bills excessively for intra-office communication, including 29.3 hours for "Internal Strategy Meetings". *See* Weiswasser Decl., ¶38. While the practice of law may not be a solitary affair, this expenditure of time is gratuitous. *See A.D.,* 2019 U.S. Dist. LEXIS 47238 (Caproni, J., reduced 2.5 hours of intraoffice meetings concerning a 1.5-page letter to 1.7.)

### v)  Excessive Billing for Hearing Preparation

AFC billed 75.9 hours ($26,101.50) in advance of the hearing held on May 22, 2019, a hearing lasting a little over one hour. *See* Weiswasser Decl.,¶27.  Courts have reduced excessive time billed for hearing preparation. *See e.g. C.B.*, 2019 U.S. Dist. LEXIS 111636, at *28 (reducing one attorney's request for fees by 11% due to excessive time billed in preparing for 9.8 hour hearing, finding "too many hours" were billed for preparations and that "attorneys did not exercise proper 'billing judgment'"); *J.S.*, 2011 U.S. Dist. LEXIS 82169, at *20 (30% reduction, from 29.6 hours to 21.0 hours for preparation in advance of the seven-hour impartial hearing; finding that a 3:1 ratio of preparation to hearing is reasonable). Even if the hearing preparation billed was for the entirety of the hearings, billing over 75 hours for a proceeding that took less than 6 hours is excessive.

While these are only a handful of examples of AFC excessive billing practices, they establish that AFC consistently seeks compensation for work no reasonable client would pay for, *i.e.*, hours not actually spent working for the client. This Court should apply a 30% reduction to the hours billed in consideration of these unreasonable practices.

### 2)  Excessive Billing for the Federal Action

Here, AFC/LTL requests $27,847.00 for 105.9 hours on what is essentially a simple fees application, chock full of recycled moving papers. *See* ECF No. 36 at 17. The amount sought here should be drastically reduced, if not denied <u>entirely</u>. Courts recently have approved recovery of "roughly twenty-five to sixty hours." *S.W. v. N.Y.C. Dept. of Educ.*, 22-cv-3592 (S.D.N.Y. September 7, 2023) ( Schofield, J., noting lack of complexity of federal fee application, applying a 50% reduction to time billed by AFC in federal action for IDEA fees matter in order to bring hours sought "in line with what has proven reasonable in many other cases in this District"). *See also*, *S.J. v. N.Y.C. Dep't of Educ.*,) (S.D.N.Y. Jan. 12, 2021) U.S. Dist. LEXIS 6180 at * 12, *aff'd* (2d. Cir., May 4, 2022) (adopting recommendation to reduce hour expended on federal litigation by 50% from 112 hours), *N.L. v. N.Y.C. Dep't of Educ.*, (S.D.N.Y. March 15, 2023) U.S. Dist. LEXIS 43903 at *22 (adopting 20% reduction, from 60.5 attorney hours to 48.4); *M.D. v. DOE*, 21-cv-9180 (LGS)(KHP) (S.D.N.Y March 17, 2023) U.S. Dist. LEXIS 193659 at *32 (adopting 40% reduction, from roughly 43 attorney hours to 26). Courts have similarly reduced recovery for the federal action by reducing assigned rates to attorneys for work in the federal action due to low complexity. *See, e.g., S.F.*, 21-cv-11147 (PAE) (Engelmayer, J., reducing total demand of $91,351.80 to $43,084.46 by, *inter alia*, assigning $200/hr. for all 23.92 hours of the 29.9 hours billed by senior attorney with 25 years' complex civil right litigation); *C.B.,* cited *supra* (McMahon, J., assigning $200/hour for all attorney hours on simple federal action for IDEA fees, reasoning that work on the fees motion included "time spent on memoranda and declarations that were (poorly) copy and pasted from those Cuddy Law Firm submitted in the pending case R.G."; and *L.M. v. DOE*, 21-cv-11175 (AT)(BCM) (S.D.N.Y. March 14, 2023) (R&R adopted in its entirety) (10% reduction to all assigned hourly rates for all time billed on federal action due to

boilerplate nature of brief and supporting papers; $7,790.01 awarded in fees and costs for the federal action).

The moving papers submitted here are very similar to those submitted in *S.W.* (*see* Rebecca Shore Decl., *passim*; *see also* Howland Decl., *passim*), yet here, AFC/LTL bills thousands of dollars despite the paralegal nature of work that, in reality, takes very little time to perform. Nonetheless, AFC/LTL continues to bill time as if the arguments and drafting presented here are novel and complex. AFC/LTL should be denied <u>any</u> recovery for work purportedly performed on the federal action or, alternatively, a non-green eye shade 80% reduction should be applied across the board for the federal work.

As Judge Engelmayer recently held: $200/hour is appropriate for the "well-trod and relatively mechanistic process of preparing and defending a fee application." *See S.F.,* 21-cv-11147 (PAE) (S.D.N.Y. July 13, 2023) at 20. This Court should apply that same reasoning here, where the same firm—AFC—has repeatedly prosecuted nearly identical simple fee applications, thereby warranting a junior attorney rate for <u>all</u> work performed.

   **i)   Overbilling for Drafting the Complaint and Initiating Documents**

AFC/LTL billed excessively for initiating the instant federal action. Here, the 7-page boilerplate complaint purportedly took 4.5 hours to prepare and file. *See* Howland Decl., ¶14. The complaint contains 35 numbered paragraphs and only two causes of action. *See* ECF No. 1. Most of the drafting consists of a completely unnecessary retelling of the procedural history of the administrative proceedings, copied from the DPC and Findings of Fact and Decision ("FOFD").

AFC/LTL's fees for drafting the complaint should thus be reduced to 0.7 hours. See *R.G.*, 2019 U.S. Dist. LEXIS 166370 (Judge Caproni reduced time spent drafting the federal complaint from 2.6 hours to 0.7 hours); *see also C.B.*, 2019 U.S. Dist. LEXIS 111636 (Judge McMahon reduced time spent drafting federal complaint from 1.5 hours to 0.7 hours).

### ii) Overbilling for Drafting Letter Submissions to the Court

K. Cassidy egregiously over bills for routine letters to the Court. See Howland Decl., ¶¶16-17. K. Cassidy billed 0.5 hours ($500.00)[10] to draft a less than one-page letter, nearly identical to the letter drafted and filed the same day in *C.C.*, informing the Court that Plaintiff opposed Defendants' request for a 90-day extension of Defendant's time to respond to the Complaint in each matter. *See* ECF No. 23. Given the brevity and cut-and-paste nature of the letters, it is untenable that the submissions would require an entire hour to produce. Additionally, K. Cassidy billed 1.9 hours ($1,330.00) to draft a one page and a paragraph letter to the Court simply opposing an extension request by Defendants, requesting a settlement conference, and proposing a briefing schedule. (*See* ECF No. 17). This is a routine letter drafted in IDEA fees cases, and should take less than one hour.

### iii) Overbilling for Memorandum of Law ("MOL") and Declarations

T. Sebastian, K. Cassidy and R. Shore together billed 95.5 hours on drafting and revising the MOL and accompanying declarations and Rule 56.1 statement, which is excessive, given the boilerplate nature of the moving papers. *See* Howland Decl., ¶13. Indeed, the MOL at issue is functionally identical to the MOL filed in *S.W., 22-cv-3592 (LGS)(JW) (ECF No. 44.)* Like that previous filing, Plaintiff's MOL contains a 6-page (8-pages in the case of *S.W.*) recitation of the same academic and procedural history contained in the hearing request, a 3-page summary of the billers' resumes and roughly 10 pages of argument concerning the prevailing rates among IDEA fees practitioners. *See id.* Those 10 pages appear nearly identical to the memorandum filed in *S.W.*

---

[10] References to amount "billed" by AFC/LTL refer to the amount of the invoice. The amount of the parenthetical refers to amount.

Next, AFC/LTL billed an excessive number of hours on the various declarations submitted in this matter. *See* Howland Decl., ¶18. While the block billing entries render it impossible to determine exactly how much time, there are two separate entries for 7.2 and 2.1 hours by T. Sebastian on December 5 and December 6, respectively, which include references to drafting declarations, and one entry for 4.3 hours dated December 7, 2023 which is entirely for drafting declarations. *See* ECF No.37-1 at 8 This is unreasonable for the declarations submitted. The 12-page Declaration of Rebecca Shore contains a 5-page chronological regurgitation of AFC's work on the administrative action. *See* ECF No. 25. The four-page Declaration of Kate Cassidy contains two pages of a chronological regurgitation of her work on the federal action, summary of employee resumes, and a summary of LTL's practice areas and partnership with AFC, and no legal argument of analysis. *See id*.

## CONCLUSION

In the Second Circuit, district courts must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill I*, 493 F.3d at 117-18 (internal quotes omitted) (emphasis added). Defendant respectfully submits that Plaintiff be awarded attorneys' fees and expenses in an amount not to exceed **$39,550,** and that Defendant be awarded such other relief as the Court deems appropriate.

Dated:      January 24, 2024
            New York, New York


                              _____/s/_____
                              Lauren Howland, Esq.
                              *Attorneys for Defendant*
                              (212) 356-2016