UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

A.S. on behalf of T.B.,

                        Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                      Defendants.

Case No. 23-cv-4580(JPC)(VF)

**DECLARATION OF
SUSAN J. WEISWASSER**

---

**Susan J. Weiswasser,** an attorney duly admitted before the Court of the State of New York and this Court, declares under penalty of perjury:

1.     I am a Special Assistant Corporation Counsel with the New York City Law Department and submit this declaration in opposition to Plaintiff's Motion for Summary Judgment.

2.     I am fully familiar with the facts and circumstances set forth below.

3.     For this administrative proceeding, the Advocates for Children of New York, Inc. ("AFC") seeks $63,009.00, *i.e.*, 184.80 hours (172.50 attorney hours and 12.20 paralegal hours) and 3.1 attorney hours for travel time. *See* ECF No. 36 at 17.

4.     I have reviewed the administrative billing records annexed as Exhibit A to the Declaration of Rebecca Shore (ECF No. 45-1) ("Ex. A."). In my review of the administrative action billing, I noted various instances of excessive, vague, and otherwise problematic billing, which is now customary for billing records submitted by AFC. Examples are discussed in detail below.

5.     Based on the extent of the overbilling, a 30% global reduction to the administrative billing is warranted.

**Billing Too Remote in Time from Filing Due Process Request**

6.     AFC typically begins billing for an administrative action too far in advance of filing the Due Process Complaint ("DPC"). Though the DPC for Case 178855 was not filed until October 22, 2018, the firm (specifically attorney Daniel Hochbaum ("Hochbaum")) began billing toward the administrative proceeding on February 8, 2018, eight months earlier. *See* Ex. A, *passim*. During this period, Hochbaum alone billed 35.0 hours ($13,125.00). *See id.* Entire administrative actions are often resolved in less than 35 billed hours.. *See* Declaration of Emily Goldman ("Goldman Decl."), dated Jan. 24, 2024, ¶5.

7.  Courts regularly reduce hours billed too far in advance of the DPC. *See, e.g., M.D. v. N.Y.C. v. Dep't of Educ.*, No. 21-CV-9180 (LGS)(KHP), 2021 U.S. Dist. LEXIS 132930, at *13 (S.D.N.Y. Oct. 21, 2022) (Schofield, J., reducing 84.4 billed hours by 20%, based partially on a finding that 14.8 hours of work performed before filing the DPC was unreasonable). Specific examples of this impermissibly early billing are detailed at ¶¶ 9, 10.

8.  For example, the Ten-Day Notice ("TDN") was filed Aug. 21, 2018, 6.5 months after billing started.

9.  On Mar. 28, 2018, Hochbaum billed 0.1 hours 16 times. *See* Ex. A at 2. Five entries were communications with Helen Tam (four emails and one phone call), the neuropsychologist who performed TB's testing on behalf of the parent. *See id.* Four entries were emails with the parent. *See id.* Six emails were about the OT (Occupational Therapy) Evaluation. the OT (Occupational Therapy) Evaluation. *See id.*

| Date | Type | Type | Category | Description | Contact | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation- Problems with SESIS | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation- seeking copy of report | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Documents: | Speech evaluation | Helen Tam | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Phone Call | Phone Call | Next Steps | Steps to complete neuropsych eval. request for documents. | Helen Tam | 0.3 | $375.00 | $112.50 |
| 3/28/2018 | Email: | Email: | Next Steps | SESIS help for OT evaluation | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Documents: | Speech report | Amanda Sanchez | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | File/send | File/send | Documents: | Sent speech evaluation via regular mail to parent | Amanda Sanchez | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation- Update on problems with SESIS | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Scheduling | Neuropsychological interview | Helen Tam | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Phone Call | Phone Call | Scheduling | Call with NYU evaluator | Amanda Sanchez | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Phone Call | Phone Call | Next Steps | School records | Elena Malevanaya | 0.2 | $375.00 | $75.00 |
| 3/28/2018 | Email: | Email: | Next Steps | Neuropsych report information | Helen Tam | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation- problems with SESIS | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Phone Call | Phone Call | Next Steps | Evaluations | Amanda Sanchez | 0.2 | $375.00 | $75.00 |
| 3/28/2018 | Email: | Email: | Scheduling | Neuropsychological evaluation | Helen Tam | 0.1 | $375.00 | $37.50 |

10. In fact, the OT evaluation consumed much of Hochbaum's time in that early period. He had 17 entries about it; 16 were for work on or before Mar. 30, 2018. *See id.* A few examples are pasted below. This time is not appropriately billed toward the administrative proceeding.

| Date | Type | Type | Category | Description | Contact | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| 2/8/2018 | Email: | Email: | Next Steps | OT evaluation | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 2/12/2018 | Email: | Email: | Next Steps | OT evaluation | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 2/13/2018 | Phone Call | Phone Call | Next Steps | OT evaluation | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 2/14/2018 | Email: | Email: | Next Steps | OT evaluation | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 2/14/2018 | Email: | Email: | Next Steps | Reply and response on OT evaluation issue. | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 2/14/2018 | Email: | Email: | Next Steps | OT evaluation | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 2/22/2018 | Email: | Email: | Next Steps | OT evaluation | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 2/22/2018 | Document Review | Document Review | Other: | Speech evaluation/records review document | | 0.9 | $375.00 | $337.50 |
| 2/22/2018 | Email: | Email: | Documents: | Speech evaluation | Elena Malevanaya | 0.1 | $375.00 | $37.50 |
| 2/26/2018 | Email: | Email: | Documents: | Speech evaluation receievd | Elena Malevanaya | 0.1 | $375.00 | $37.50 |
| 3/7/2018 | Email: | Email: | Next Steps | Date for OT evaluation | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 3/7/2018 | Phone Call | Phone Call | Next Steps | OT evaluation | Amanda Sanchez | 0.2 | $375.00 | $75.00 |
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation | Cindy Burger | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation- Problems with SESIS | Raquel Berry | 0.1 | $375.00 | $37.50 |
| 3/28/2018 | Email: | Email: | Next Steps | OT evaluation- seeking copy of report | Cindy Burger | 0.1 | $375.00 | $37.50 |

11. Danielle Cedillo billed 1.7 hours ($255.00) total on February 15 and 22, and on April 19, 2018, for "IEP Review," review of "Speech evaluation: and one call and one email for "Records Request" with the DOE school psychologist. *See* Ex. A at 9. This was months before the TDN was filed and should not be compensable.

2

| 2/15/2018 | Document Review | Document Review | IEP Review | IEP / SL Eval Comparison | TYRONE BOYCE | 0.5 | $150.00 | $75.00 |
| 2/22/2018 | Document Review | Document Review | Other: | Speech evaluation | | 0.9 | $150.00 | $135.00 |
| 4/19/2018 | Phone Call | Phone Call | Next Steps | Records Request / Scheduling IEP Meeting | Elena Malevanaya | 0.2 | $150.00 | $30.00 |
| 4/19/2018 | Email: | Email: | Next Steps | Records Request | Elena Malevanaya | 0.1 | $150.00 | $15.00 |

12. Juliet Eisenstein[1] billed 1.7 hours ($408.00) on May 31, 2018, to review the OT evaluation. *See* Ex. A at 10. She also billed 2.5 hours ($600.00) on July 2 and 0.5 hours ($96.00) on July 13 to review the "New Neuropsychological Eval" and "New Neuropsych & IEP," respectively. *See id.* Besides having four brief phone calls with the DOE school psychologist and logging two clerical emails between May 31 and July 13 (the period of her billing), her only other entries were for attending "Internal Strategy Meetings" on July 5 and 13 (1.8 hours; 432.00). *See id.* But there is no indication that she made any meaningful contribution to the case. For this reason, her billing of 7.1 hours, $1,704.00 should be deducted.

| 5/31/2018 | Document Review | Document Review | Evaluation Review | Occupational Therapy Evaluation | | 1.7 | $240.00 | $408.00 |
| 6/19/2018 | Phone Call | Phone Call | Status | IEP finalization | Elena Malevanaya | 0.1 | $240.00 | $24.00 |
| 6/28/2018 | Email: | Email: | Case Goals | Requesting finalized IEP | Jessica Shirley | 0.2 | $240.00 | $48.00 |
| 6/28/2018 | Phone Call | Phone Call | Case Goals | Finalized copy of Tyrone's IEP | Elena Malevanaya | 0.2 | $240.00 | $48.00 |
| 7/2/2018 | Document Review | Document Review | Evaluation Review | New Neuropsychological Eval | | 2.5 | $240.00 | $600.00 |
| 7/5/2018 | Meeting | Meeting | Internal Strategy Meeting | Neuropsych Eval & Calling IEP Meeting | | 0.5 | $240.00 | $120.00 |
| 7/13/2018 | Document Review | Document Review | Evaluation Review | New Neuropsych & IEP | | 0.5 | $240.00 | $120.00 |
| 7/13/2018 | Meeting | Meeting | Internal Strategy Meeting | Neuropsych & IEP Review | | 0.9 | $240.00 | $216.00 |
| 7/13/2018 | Meeting | Meeting | Internal Strategy Meeting | Eval Results | | 0.4 | $240.00 | $96.00 |
| 7/13/2018 | Email: | Email: | Scheduling | - | | 0.1 | $240.00 | $24.00 |

13. All of this review of therapy and other evaluations occurred too long before the DPC was filed to be attributable to the administrative proceeding. Billing would more properly begin on or after July 16, 2018, the date the then-most recent IEP was held.

**Excessive Time Drafting Unnecessarily Lengthy DPC**

14. AFC billed 35.3 hours ($12,580.50) to prepare the DPC.[2] *See* Ex. A, *passim*. This was completely unwarranted. Entries solely for the category of "Draft" and "Edit/Revise" totaled 17.9 hours. Hochbaum billed 11.8 hours ($4,425.00); Miller billed 1.5 hours ($360.00); and Shore billed 4.6 hours ($1,932.00). *See id.* Thus, the "drafting" part alone cost $6,717.00.

15. Many more hours were billed for preparing the DPC. Counting only from July 16, 2018, billing for "Internal Strategy Meetings" came to 6.3 hours ($1,971.00). *See id.* Hochbaum and Miller billed 3.0 hours each ($1,125.00 and $720.00 respectively).[3] *See id.* Shore billed 0.3 hours ($126.00). *See id.* Then there was document review time for which Hochbaum billed 6.8 hours ($2,550.00). *See id.* Hochbaum also billed 0.7 hours ($262.50) on emails. *See id.* Miller billed 0.1 hours ($24.00) for a fax. *Id.* Hochberg billed 1.0 hour ($375.00) and Miller billed 0.3

---

[1] Ms. Eisenstein is listed on the AFC billing as a staff attorney. She is now, but in 2018 she was still a law student.

[2] These calculations are based on entries for dates after the July 16, 2018. IEP meeting until the DPC was filed on October 22, 2018. If the amounts were calculated from the beginning of billing on Feb. 8, 2018, the total would be 55.5 hours billed for preparing the DPC ($19,215.00).

[3] Looking to time prior to that billed between Feb. 8 and July 16, 2018, Hochbaum billed 7.1 hours ($2,662.50) for emails, texts, and phone calls, one of which was "unsuccessful"; 3.1 hours ($1,007.50) to document review; and 1.8 hours ($585.00) to "internal strategy meetings." Thus, AFC expects to be reimbursed $4,255.00 for work that occurred more than three months prior to the DPC being filed. It is not entitled to reimbursement for this billing.

3

hours ($72.00) for phone calls. *See id.* For research, Hochbaum billed 0.6 hours ($225.00) and Miller billed 1.6 hours ($384.00). *See id.*

16. Courts generally consider one hour per page to be the upper limit of reasonable time spent on a DPC and make reductions to administrative billing falling outside this parameter. *See, e.g., V.W. v. Dep't of Educ.,* No. 21-cv-6495 (PGG)(KHP), 2022 U.S. Dist. LEXIS 179510 (S.D.N.Y. Mar. 23, 2023) (Order adopting R&R in its entirety) (Judge Parker recommended reducing firm's administrative fees by 15%, citing, inter alia, 6.5 hours billed to draft a 4-page DPC). AFC billed 1.67 hours or $595.77 for each page of the DPC. This amount of time is both demonstrably excessive and unreasonable and weighs heavily in favor of a steep cut to the administrative fees. See *H.C. v. N.Y.C. Dep't of Educ.*, No. 20-CV-844 (JLC), 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021), where Judge Cott reduced administrative hours by 20%, citing, inter alia, excessive time drafting the DPC.

17. Further, three attorneys were involved in drafting the DPC, which was wholly unnecessary. The DPC contains facts, not legal arguments. Courts have reduced attorney's fees in administrative proceedings when there are more cooks in the kitchen than needed for the task. In *R.G. v. Dep't of Educ.*, No. 18-CV-6851(VEC), 2019 U.S. Dist. LEXIS 166370, at *7-10 (S.D.N.Y. Sep. 26, 2019), Judge Caproni reduced attorney hours drafting the DPC and reviewing documents in anticipation of drafting from 3.4 and 1.7 hours to 1.5 and 0.5, respectively, citing the redundancy of work performed. *See also M.R. v. Dep't of Educ.*, No. 21-cv-6668(LGS), 2022 U.S. Dist. LEXIS 139235, at *12 (S.D.N.Y. Aug. 4, 2022) (Judge Schofield reduced administrative hours by 20%, citing, inter alia, "the large number of hours billed by multiple attorneys to draft a fifteen-page DP."; *L.L. v. N.Y.C. Dep't of Educ.*, No. 20-CV-2515 (JPO), 2022 U.S. Dist. LEXIS 25047, at *11 (S.D.N.Y. Feb. 9, 2022) (Judge Oetken reduces to 9.0 hours from "over twenty-five hours" two attorneys' hours drafting and revising the DPC.

18. The DPC here is a recitation of the events of each school year from 2011-12 to 2018-19, many of which are alleged to have occurred in each and every school year. This amount of detail and repetition was simply unnecessary and served only to drive up the bill.

**Excessive Preparation for Cross-Examination**

19. In discussions at the status conference on Jan. 24, 2019, the DOE attorney suggested she might call witnesses at the impartial hearing but did not identify anyone in particular.[4] See ECF No. 45-3 at 8-9. Hochbaum nevertheless billed 7.9 hours ($3,225.00) to draft and edit cross-examination questions. *See* Ex. A at 5. Rebecca Shore billed 0.6 hours for the same. *See id.* at 11. This is excessive even if they were preparing cross examination questions defensively for their own witnesses, especially when Hochbaum billed 14.7 hours ($5,512.50) to draft and revise direct examination questions.[5] *See id*. at 4, 5, 6, and 7. That time did not include internal meetings about witness examinations.

---

[4] Ultimately, DOE did not call any witnesses nor have exhibits admitted.

[5] Gena Miller billed 3.5 hours ($840.00) and Rebecca Shore billed 1.7 hours ($714.00) for direct examination questions as well.

Daniel Hochbaum:

| Date | Type | | Task | Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 4/8/2019 | Hearing Prep | Hearing Prep | Draft cross examination questions | 2012-2016 years | 2.8 | $375.00 | $1,050.00 |
| 4/8/2019 | Hearing Prep | Hearing Prep | Draft cross examination questions | 2016-2018 yeays | 0.6 | $375.00 | $225.00 |
| 4/9/2019 | Hearing Prep | Hearing Prep | Edit/revise cross examination questions | DOE witnesses | 0.7 | $375.00 | $262.50 |
| 4/12/2019 | Hearing Prep | Hearing Prep | Draft cross examination questions | Parent | 0.2 | $375.00 | $75.00 |
| 4/15/2019 | Hearing Prep | Hearing Prep | Edit/revise cross examination questions | - | 0.3 | $375.00 | $112.50 |
| 4/17/2019 | Hearing Prep | Hearing Prep | Draft cross examination questions | - | 0.7 | $375.00 | $262.50 |
| 5/6/2019 | Hearing Prep | Hearing Prep | Edit/revise direct examination questions | Neuropsychologist | 0.8 | $375.00 | $300.00 |
| 5/15/2019 | Hearing Prep | Hearing Prep | Edit/revise cross examination questions | - | 1.3 | $375.00 | $487.50 |
| 5/16/2019 | Hearing Prep | Hearing Prep | Edit/revise cross examination questions | - | 0.6 | $375.00 | $225.00 |
| 5/20/2019 | Hearing Prep | Hearing Prep | Edit/revise cross examination questions | - | 0.6 | $375.00 | $225.00 |

Rebecca Shore:

| Date | Type | | Task | Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 4/9/2019 | Hearing Prep | Hearing Prep | Edit/revise cross examination questions | DOE IEP witness | 0.6 | $420.00 | $252.00 |

**<u>Attorney Billing for Performing Clerical Work at Attorney Rates</u>**

20. Hochbaum billed hours of administrative tasks that should have been delegated to a paralegal or secretary as attorney hours. An administrative task does not warrant billing at an attorney's rate and may not be compensable in IDEA fee-shifting litigation, even if performed by an attorney. For instance, requesting and filing records are tasks that should be assigned to a clerk or paralegal. Yet Hochbaum billed for them on several occasions including 1.1 hours ($412.50) on Sept. 6, 2018, for "[f]iling records produced in response to records request." *See* Ex. A at 3.

| Date | Type | | Task | Detail | Party | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 8/8/2018 | Email: | Email: | Documents: | Records request | Arlene Rosenstock | 0.2 | $375.00 | $75.00 |
| 8/8/2018 | Email: | Email: | Documents: | Request for records | P.S. 114 Ryder Elementary (K114) School Office | 0.2 | $375.00 | $75.00 |
| 9/6/2018 | Document Review | Document Review | Documents produced in response to records request | Filing records produced in response to records request | | 1.1 | $375.00 | $412.50 |

Without a doubt, this is work that should have been assigned to a non-attorney.

21. Hochbaum also billed 7.8 hours for "scheduling," which were primarily emails and calls to witnesses and the parent to arrange meetings or to inform them of a change in the schedule. *See id., passim.* He also billed for numerous emails with Impartial Hearing Officer ("IHO") Farago to set up and adjourn conferences. *See id.* Some examples are pasted below.

5

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2/12/2019 | Phone Call - Unsuccessful | Phone Call - Unsuccessful | Left/Received Message | Case scheduling | | Amanda Sanchez | 0.1 $375.00 | $37.50 |
| 2/13/2019 | Email: | Email: | Next Steps | Scheduling hearing | | John Farago | 0.1 $375.00 | $37.50 |
| 2/13/2019 | Phone Call | Phone Call | Next Steps | Scheduling hearing | | Amanda Sanchez | 0.1 $375.00 | $37.50 |
| 2/19/2019 | Email: | Email: | Next Steps | Scheduling testimony | | Suhaily Rodriguez | 0.1 $375.00 | $37.50 |
| 2/19/2019 | Email: | Email: | Next Steps | Scheduling testimony | | Suhaily Rodriguez | 0.1 $375.00 | $37.50 |
| 2/19/2019 | Email: | Email: | Scheduling | Hearing | | John Farago | 0.1 $375.00 | $37.50 |
| 2/20/2019 | Email: | Email: | Next Steps | scheduling of hearing | | John Farago | 0.2 $375.00 | $75.00 |
| 2/22/2019 | Email: | Email: | Next Steps | Witness availability | | Suhaily Rodriguez | u.1 $375.00 | $37.50 |
| 2/25/2019 | Email: | Email: | Next Steps | Witness availability | | Gena Miller | 0.1 $375.00 | $37.50 |
| 2/25/2019 | Email: | Email: | Next Steps | Hearing scheduling. | | Amanda Sanchez | 0.1 $375.00 | $37.50 |
| 2/25/2019 | Email: | Email: | Next Steps | scheduling | | Suhaily Rodriguez | 0.1 $375.00 | $37.50 |
| 2/25/2019 | Email: | Email: | Next Steps | Availability for hearing | | Amanda Sanchez | 0.1 $375.00 | $37.50 |
| 2/25/2019 | Email: | Email: | Next Steps | Hearing scheduling | | Gena Miller | 0.1 $375.00 | $37.50 |
| 3/5/2019 | Email: | Email: | Next Steps | Compliance date and interim order | | John Farago | 0.1 $375.00 | $37.50 |
| 3/12/2019 | Email: | Email: | Next Steps | scheduling of hearing | | John Farago | 0.1 $375.00 | $37.50 |

As seen above, on Feb. 12 he even billed for an "unsuccessful" scheduling call to the parent. He billed six times at 0.1 hours ($37.50) for unsuccessful calls.

22. Hochbaum billed many 0.1 entries for emails with IHO Farago regarding the compliance date. *See id.* at 8. Some days, such as on Oct. 29 and Jan. 27, 2020, two calls to IHO Farago were billed for the same thing. *Id.* This is overbilling, plain and simple.

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/10/2019 | Email: | Email: | Next Steps | Compliance date extension | John Farago | 0.1 $375.00 | $37.50 |
| 10/29/2019 | Email: | Email: | Next Steps | Compliance date | John Farago | 0.1 $375.00 | $37.50 |
| 10/29/2019 | Email: | Email: | Next Steps | Compliance date | John Farago | 0.1 $375.00 | $37.50 |
| 12/31/2019 | Email: | Email: | Next Steps | Compliance date | John Farago | 0.1 $375.00 | $37.50 |
| 1/4/2020 | Email: | Email: | Next Steps | compliance date | John Farago | 0.1 $375.00 | $37.50 |
| 1/27/2020 | Email: | Email: | Next Steps | Compliance date extension | John Farago | 0.1 $375.00 | $37.50 |
| 1/27/2020 | Email: | Email: | Next Steps | Compliance date | John Farago | 0.1 $375.00 | $37.50 |
| 2/27/2020 | Email: | Email: | Next Steps | Compliance date extended | John Farago | 0.1 $375.00 | $37.50 |

23. Gena Miller also billed repeatedly (usually at 0.1 hours each) for scheduling tasks that should have been done by a non-attorney. Many of those involved scheduling witnesses for meetings and testimony. Below are just a few examples including an entry of 0.3 hours ($72.00) for a scheduling email with IHO Farago. *See id.* at 9-10.

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2/12/2019 | Email: | Email: | Scheduling | hearing | Frida Matute | 0.1 $240.00 | $24.00 |
| 2/12/2019 | Email: | Email: | Scheduling | Hearing | Debbie Cooper | 0.1 $240.00 | $24.00 |
| 2/12/2019 | Email: | Email: | Scheduling | Hearing | Lora Zemsky | 0.1 $240.00 | $24.00 |
| 2/25/2019 | Email: | Email: | Scheduling | hearing | Emily Levy | 0.1 $240.00 | $24.00 |
| 2/25/2019 | Email: | Email: | Scheduling | hearing | Frida Matute | 0.1 $240.00 | $24.00 |
| 2/25/2019 | Email: | Email: | Scheduling | | Lora Zemsky | 0.1 $240.00 | $24.00 |
| 3/29/2019 | Email: | Email: | Scheduling | Hearing | Emily Levy | 0.1 $240.00 | $24.00 |
| 3/29/2019 | Email: | Email: | Scheduling | hearing | Lora Zemsky | 0.1 $240.00 | $24.00 |
| 5/24/2019 | Email: | Email: | Scheduling | Hearing | Debbie Cooper | 0.1 $240.00 | $24.00 |
| 5/28/2019 | Email: | Email: | Scheduling | testimony for hearing | Daniela Montalto | 0.1 $240.00 | $24.00 |
| 6/11/2019 | Email: | Email: | Scheduling | Hearing date | John Farago | 0.3 $240.00 | $72.00 |
| 6/11/2019 | Email: | Email: | Next Steps | Hearing scheduling | Debbie Cooper | 0.1 $240.00 | $24.00 |

These are clerical, not legal, tasks. A parent would not expect to pay their attorney to perform administrative work.

24. As Judge Parker noted in *H.W. v. N.Y.C. Dep't of Educ.*, "[t]he types of tasks that are considered clerical are downloading, scanning, copying documents, or organizing files. (quoting *Siegel v. Bloomberg L.P.*, 2016 U.S. Dist. LEXIS 38799, 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016)). These time entries should not be included in an award of costs and

6

attorneys' fees." *H.W.*, No. 22-CV-3282 (JGK) (KHP), 2023 U.S. Dist. LEXIS 119375, at *23-24 (July 10, 2023) (adopted by 2023 U.S. Dist. LEXIS 159849 (S.D.N.Y., Sept. 8, 2023)); court cut approximately 11.5% of billing for administrative proceeding to, among other things, eliminate billing entries of attorneys for clerical tasks such as printing and uploading documents. In a just-released Report and Recommendation, Judge Figueredo -- to support, in part, her decision to recommend cutting attorneys' fees for an administrative proceeding by 15% -- noted that the "[attorney] billed at least 0.9 hours at his attorney rate for time spent preparing an exhibit list and 0.2 hours for adding "IHO Ex." page numbers to the closing brief; *see also O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 368 (S.D.N.Y. 2018) (reducing hours for secretarial or clerical tasks)." *R.M. v. N.Y.C. Dep't of Educ.*, No. 21-cv-11210 (PGG) (VF), 2024 U.S. Dist. LEXIS 12156, at *29 (S.D.N.Y. Jan. 22, 2024). Likewise, AFC attorneys here wrongly failed to delegate many administrative tasks to secretarial or paralegal staff. This was error and should not be compensated.

**Billed time includes an excessive number of entries of 0.1 hours**

25.     As the principal biller in this matter, Daniel Hochbaum logged an extraordinary number of 0.1 entries. Out of approximately 416 entries he made for this at least 262 (63%) were for 0.1 hours. *See* Ex. A, *passim*. Some of the examples can be seen in ¶¶ 9 and 10 above. Judges have rightfully expressed skepticism about such billing practices. *See H.A. v NYC Dep't of Educ.*, No. 20-cv-10785, 2022 U.S. Dist. LEXIS 33561, at *24 (S.D.N.Y. Feb. 25, 2022) where Judge Engelmayer found problematic "the abundance of time entries billing in increments of 0.10 hours – the lowest available – for minor administrative tasks," and held that:

> a reasonable paying client would expect a timekeeper to consolidate such tasks into a single time entry, rather than paying for a series of 0.10-hour time entries, each for a task that likely could have been discharged in seconds. It follows that it is not reasonable to expect DOE to absorb such costs.

*H.A.*, at *25-26. *See also H.W. v. N.Y.C. Dep't of Educ.*, No. 21-cv-08604 (JLR)(SN), 2023 U.S. Dist. LEXIS 151361, at *25 (S.D.N.Y. Aug. 28, 2023) (Judge Rochon "conclud[ing] that a reduction of 15% [wa]s warranted" given that counsel was "extensively billing in increments of 0.1 for work that requires far less time than 6 minutes, and excessively billing for administrative work."). Similarly, in a case brought by a successful plaintiff to recover statutory attorneys' fees under the Fair Debt Collections Practices Act (FDCPA), Judge Pitman faced the same issue with 6-minute billing. He held that "a reduction in the hours sought by plaintiff is warranted" where:

> there are numerous entries of ".1" or ".2" hours for tasks such as emailing a document, e-filing or reviewing notices posted by the Court's Electronic Filing System. . . .The extensive documentation of these administrative tasks appears to be designed to inflate the total number of hours billed by attributing a separate 6 minutes to each brief task. Other decisions in this District have criticized this practice and have reduced awards because such tasks need not be performed by an attorney and, often, may be performed in a 1 to 2 minutes if not instantaneously.

*Jara v. P.N. Fin., Inc.*, 2014 U.S. Dist. LEXIS 127944, at *20 (S.D.N.Y. Sep. 4, 2014) (adopted by *Jara v. P.N. Fin. Inc.*, 2014 U.S. Dist. LEXIS 145652, at *1 (S.D.N.Y. Oct. 9, 2014) (collecting cases). The use of this unwarranted number of 0.1 entries for tasks that would take one or two minutes is objectionable and justifies a significant cut to AFC's bill.

**Billing 0.1 hours for multiple emails on the same day**

26.     While block billing can be overused, there is seldom a reason why multiple email communications with a particular person on a single day should be billed separately, especially when they are not about the substance of the case.[6] On Nov. 27, 2018, Hochbaum had three entries of 0.1 hours each for emails with Derrick Jones – who worked in the Impartial Hearing Office on Livingston Street – regarding "Adjournment," "Hearing scheduling notice," and "End of resolution period notice." *See* Ex. A at 4. On the same day, he had three entries of 0.1 hours each for emails with IHO Farago regarding "Adjornment" [sic], "Scheduling hearing," and "Adjournment." *See id.* The following day Hochbaum billed 0.1 hours for an email with IHO Farago for "Scheduling status conference," and 0.1 hours with Derrick Jones for "Hearing Scheduling notice." *See id.*

| Date | | | | Description | Contact | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 11/27/2018 | Email: | Email: | Next Steps | Adjournment | Derrick Jones | 0.1 | $375.00 | $37.50 |
| 11/27/2018 | Email: | Email: | Next Steps | Hearing scheduling notice | Derrick Jones | 0.1 | $375.00 | $37.50 |
| 11/27/2018 | Email: | Email: | Next Steps | Adjornment | John Farago | 0.1 | $375.00 | $37.50 |
| 11/27/2018 | Email: | Email: | Next Steps | End of resolution period notice | Derrick Jones | 0.1 | $375.00 | $37.50 |
| 11/27/2018 | Email: | Email: | Next Steps | Scheduling hearing | John Farago | 0.1 | $375.00 | $37.50 |
| 11/27/2018 | Email: | Email: | Next Steps | Adjournment | John Farago | 0.1 | $375.00 | $37.50 |
| 11/28/2018 | Email: | Email: | Next Steps | Scheduling status conference | John Farago | 0.1 | $375.00 | $37.50 |
| 11/28/2018 | Email: | Email: | Next Steps | Hearing Scheduling notice (1/24/19) | Derrick Jones | 0.1 | $375.00 | $37.50 |

Judge Engelmayer expressed doubt about this practice in *C.D. v. Minisink Valley Cent. Sch. Dist.* stating:

> when an attorney on a single day bills multiple 0.10-hour entries for discreet tasks, where the tasks individually appear likely to have occupied less than 0.10 hours and in total appeal likely to have occupied less than the sum total of the 0.10 hour increments, such a practice can improperly inflate the number of hours billed beyond what is appropriate.

2018 U.S. Dist. LEXIS 134646, at *23 (S.D.N.Y. Aug. 9, 2018) There is no apparent reason why this and many other instances of billing 0.1 hours weren't consolidated; it is highly unlikely that each email and phone call took six minutes.

**Overbilling for hearing preparation**

27.     AFC billed an inordinate amount of time for hearing preparation. Five hearings were held: the first on Jan. 24, 2019, was a status hearing. The latter hearings were on May 22 and 24, 2019, and April 29 and June 3, 2020. *See* ECF No. 42. An example of overbilling is the total time expended after the status hearing on January 24, preparing for the impartial hearings

---

[6] See also ¶ 22.

on May 22 and May 24, 2019. For that period of time and as detailed below, AFC spent an incredible 75.9 hours ($26,101.50). *See* Ex. A, *passim.*

28. Hochbaum billed 32.8 hours ($12,300.00), Miller 3.7 hours ($888.00), and Shore 3.4 hours ($1,428.00) under the category "Hearing Prep." For "Email," "Phone Call," etc., Hochbaum billed 13.5 hours (5,062.50) and Miller, 4.5 ($1,080.00). *See id.* "Meeting" (both internal and with witnesses et al.) comprised 5.2 hours ($1,950.00) for Hochbaum, 2.6 for Miller ($624.00) and 2.5 ($1,050.00) for Shore. *See id.* Hochbaum billed .9 hours for "Edit/Revise" ($337.50) and Miller billed 3.7 for "Draft" ($888.00). *See id.* Finally, for "Travel" Hochbaum billed 1.8 hours ($337.50) and Miller, 1.3 ($156.00). *See id.* The two hearings ran for 1 hour, 11 minutes and 3 hours, 25 minutes, respectively, or a total of 4 hours, 36 minutes (4.6 hrs.), resulting in a ratio of 16.5:1, hearing preparation time to hearing time.

29. Another specific example of overbilling is the 4.9 hours ($1,849.50) billed for drafting and revising Plaintiffs' opening statement,[7] which Hochbaum gave at the May 24 hearing.[8] For preparing the opening statement, Hochbaum billed 3.7 hours ($1,387.50) and Shore billed 1.1 hours ($462.00). The statement took approximately 15 minutes, based on the total length of the hearing (3 hrs. 20 mins.) and number of pages (161). In substance, the statement was largely a recitation of the DPC with the IHO interposing a couple of questions. There is no justification for such expenditure of time for the statement that was given.

30. As Judge Caproni held in *A.D. v. Dep't of Educ.*,[9] a 1.5:1 ratio of prep time to hearing time is appropriate in uncontested matters. Even in a contested hearing, the ratio present here greatly exceeds the 3:1 ratio that Judge Briccetti in *J.S. v. Carmel Cent. Sch. Dist.*, No. 7:10-cv-8021(VB), 2011 U.S. Dist. LEXIS 82169, at *20 (S.D.N.Y. July 26, 2011) found appropriate for a 7-hour hearing and is more than double the 7:1 ratio Judge McMahon found appropriate in the very contested *C.B. v. New York City Dep't of Educ.*, No. 18-cv-7337 (CM), 2019 U.S. Dist. LEXIS 111636, at *27-28 (S.D.N.Y. July 2, 2019).

31. No reasonable client would expect their attorney to run up this kind of a bill to prepare for a hearing. This is especially true where the attorneys have been reviewing case documents, and conferring with each other, the client, and potential witnesses for over a year prior to the hearing. There is some accumulated knowledge there, at least.

32. AFC has questionable travel expense billing entries as well. In the example below, Hochbaum billed 0.5 hours of travel time to meet with the client. *See* Ex. A. at 6. The length of the meeting, however, is recorded as 0.1 hours. *See id.* It is inexplicable that an attorney would bill five times the length of time of the actual meeting for travel when clearly a phone call would suffice. If this was actually an error in recording the time, it suggests that AFC has insufficient quality control for its billing.

| Date | Type | Category | Sub | Description | Attorney | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 4/14/2019 | Meeting | Meeting | Client | - | Damien Andrews | 0.1 | $375.00 | $37.50 |
| 4/14/2019 | Travel | Travel | Other: | Client meeting | | 0.5 | $187.50 | $93.75 |

---

[7] *See* Ex. A at 5, 6, 7, and 11.
[8] *See* ECF No. 45-3 at 182-195.
[9] Case No. 18-cv-3347 (VEC), 2019 U.S. Dist. LEXIS 47238, at *20 (S.D.N.Y. Mar. 21, 2019)).

9

**Overbilling for hearing attendance and review of transcripts**

33. AFC overbilled for attendance at hearings and for the subsequent review of the hearing transcripts. *See A.D.*, 2019 U.S. Dist. LEXIS 47238, at *19-20 (Judge Caproni reduces 16.2 hours of Plaintiff's preparation time—referring to the hours requested as "grossly excessive"—to 6.0 hours, citing the fact that the hearing lasted only 3.9 hours.; *M.D.*, 2022 U.S. Dist. LEXIS 193659, at *24 (Schofield J., adopting R&R in its entirety, reduced attorney time billed on a 9-minute hearing from 0.3 hours to 0.2); *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419 (S.D.N.Y. Oct. 1, 2021) (Judge Liman reduced 12.3 hours to 12.1 to account for overbilling for time spent at hearing).

34. The impartial hearing on May 22, 2019, ran from 11:12 a.m. to 12:23 p.m. (1 hr. 11 mins.). *See* ECF No. 45-3 at 31-123. Both Hochbaum and Miller billed 3.3 hours each. *See* Ex. A at 7, 9. Billing would appropriately have been around 1.2 hours.

D. Hochbaum

| 5/22/2019 | Court/Hearing | Court/Hearing | Impartial Hearing | - | | 3.3 | $375.00 | $1,237.50 |

G. Miller

| 5/22/2019 | Court/Hearing | Court/Hearing | Impartial Hearing | - | | 3.3 | $240.00 | $792.00 |

35. The impartial hearing on Apr. 29, 2020 ran from 9:25-10:02 a.m. (37 mins.). *See* ECF No. 45-3 at 331-366. Yet, Hochbaum billed 1.1 hours ($412.50) for it when .6-.7 would have been accurate.

| 4/29/2020 | Court/Hearing | Court/Hearing | Impartial Hearing | - | John Farago | 1.1 | $375.00 | $412.50 |

36. Following the hearing on April 29, 2020, Hochman ordered the transcript, which was 44 pages. He then recorded two 0.1 entries ($75.00) to order the transcript and 2.1 hours ($787.50) to review it on May 21 and 26. *See* Ex. A at 8. This is gratuitous.

| 4/29/2020 | Court/Hearing | Court/Hearing | Impartial Hearing | - | John Farago | 1.1 | $375.00 | $412.50 |
| 4/30/2020 | Email: | Email: | Documents: | Hearing transcript 4/28 | Derrick Jones | 0.1 | $375.00 | $37.50 |
| 4/30/2020 | Email: | Email: | Next Steps | Hearing scheduling email | John Farago | 0.1 | $375.00 | $37.50 |
| 4/30/2020 | Email: | Email: | Scheduling | hearing scheduling notice | Derrick Jones | 0.1 | $375.00 | $37.50 |
| 5/13/2020 | Email: | Email: | Next Steps | Hearing transcript | Derrick Jones | 0.1 | $375.00 | $37.50 |
| 5/21/2020 | Document Review | Document Review | Other: | Hearing transcript | | 0.7 | $375.00 | $262.50 |
| 5/26/2020 | Hearing Prep | Hearing Prep | Other: | Finishing review of hearing transcript. | | 1.4 | $375.00 | $525.00 |

37. The June 3, 2020, hearing ran from 9:35-9:47 a.m. (12 mins.). *See* ECF No 45-3 at 375-386. Hochbaum billed 1.0 hours ($375.00) to attend. *See* Ex. A at 8. Even if the hearing had started at its scheduled 9 a.m. time – the I.H.O. stated on the record that there had been discussion prior to the transcription beginning –billing 0.8 hours would have been accurate.

| 6/3/2020 | Court/Hearing | Court/Hearing | Impartial Hearing | - | John Farago | 1.0 | $375.00 | $375.00 |

**Excessive Time Billed for Intra-Office Communications**

38. AFC also excessively billed for intra-office communications, often with multiple staff members billing for an "Internal Strategy Meeting." In fact, AFC attorneys generally logged an unnecessarily large number of hours for "Internal Strategy Meetings." For the period from July 5, 2018, through May 27, 2020, AFC billed 29.3 hours ($10,096.50) to this category. *See*

10

Ex. A, *passim*. Hochbaum and Miller also billed a combined 3.5 hours ($1,258.50) for sending internal emails. *See id.*

39. Courts have often made reductions for such billing. *See A.D.*, 2019 U.S. Dist. LEXIS 47238, at *29 (Judge Caproni reduced from 0.5 hours each to 0.1 hours each the time billed for two attorneys' intraoffice meeting concerning a 1.5-page letter, for which writing the letter was billed separately at 0.7 hours). See also *J.A. v. N.Y.C. Dep't of Educ.*, 22-cv-9454 (VEC)(GWG), 2023 U.S. Dist. LEXIS 136514, at *20-21 (S.D.N.Y. Aug. 4, 2023), where, citing intra-office conferences, *inter alia*, for reason to apply 10% cut to all administrative hours, Judge Gorenstein noted:

> where counsel takes a "team approach" to litigation, the court may determine whether it "was always necessary, or . . . led to the most efficient use of time" and whether "duplication of effort warrants a modest reduction in the hours claimed," (quoting *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 521 (W.D.N.Y. 2001).

(Adopted 2023 U.S. Dist. LEXIS 199142 (S.D.N.Y. Nov. 3, 2023.)). This is a case in which inefficiency and duplication seemed to occur frequently.

40. Prior to the DPC being filed, AFC billed 12.3 hours for internal strategy meetings. *See* Ex. A, *passim*. Three attorneys billed a total of 6.3 hours ($1,971.00) for 3 hours of meetings between the July 16 IEP meeting and the DPC filing. *See id.* It is inexplicable what needed to be discussed for 3 hours to file the DPC. Billing for drafting and revising the DPC were completely separate.

41. AFC also overbilled for simple intra-office emails. On January 18, 2019, for example, Hochbaum billed three different instances of 0.1 for emails to Gena Miller. *See* Ex. A at 9. This is an abusive use of 0.10-hour billing that is disfavored by courts.

| 1/18/2019 | Email: | Email: | Next Steps | Witnesses | | Gena Miller | 0.1 | $375.00 | $37.50 |
|---|---|---|---|---|---|---|---|---|---|
| 1/18/2019 | Email: | Email: | Next Steps | Rescheduling witnesses | | Gena Miller | 0.1 | $375.00 | $37.50 |
| 1/18/2019 | Email: | Email: | Next Steps | witnesses | | Gena Miller | 0.1 | $375.00 | $37.50 |

In *M.D.*,[10] Judge Parker took issue with the firm's use of 0.1 and 0.2 entries, especially with respect to email review and drafting, and condensed and reduced multiple 0.1 and 0.2 entries by 25%.

**Excessive Vague and Ambiguous Entries**

42. Many of AFC's billing records are so ambiguous, it is often difficult to determine to what work a particular entry pertains. The entries pasted below are a couple of examples; they reflect vague terminology such as "Next Steps" | "Witnesses" and "Next Steps" | Escalation."

---

[10] 2022 U.S. Dist. LEXIS 193659, at *25-27.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1/18/2019 Email: | Email: | Next Steps | Witnesses | | Gena Miller | 0.1 $375.00 | $37.50 |
| 3/9/2020 Email: | Email: | Next Steps | Escalation | | Matthew Lenaghan | 0.1 $375.00 | $37.50 |

Courts have applied large reductions in IDEA fee applications to address vague billing records, which "preclude meaningful review in order to identify excessive, redundant or otherwise deficient entries." *S.W. v. N.Y.C. Dept. of Educ.*, No. 22-cv-3592, 2023 U.S. Dist. LEXIS 158642, at *24 (S.D.N.Y. Sept. 7, 2023) (Schofield, J., applying a 20% reduction to hours worked by AFC on the administrative proceeding based on the "vagueness" of AFC's billing records (citing *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022)).

43. For all the reasons articulated above, AFC's billing for the administrative proceeding in this matter should be cut by 30% or more as the Court sees fit.

Dated: New York, New York
January 24, 2024

/s/
Susan J. Weiswasser