UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

A.S., individually and on behalf of T.B., a child with a disability,

                                                      *Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                      *Defendant*.

**DECLARATION**

Case No. 1:23-cv-04580

------------------------------------------------------------------------ x

**ARMELLE HILLMAN**, under penalty of perjury, declares pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. I am an Attorney in the Special Education Unit within the New York City Department of Education ("DOE") Office of the General Counsel and have worked in this capacity since 2018. I submit this Declaration in opposition to Plaintiff's Motion for Summary Judgment.

2. I am familiar with the facts and circumstances set forth in this declaration based upon my personal knowledge, which includes, but is not limited to, my review of DOE and court records, as well as my personal experience handling special education matters for the DOE.

3. My work for the DOE consists primarily of handling fees demands, such as those made in this case. Based upon my experience, the invoice submitted in connection with the underlying claim at issue included excessive hourly rates.

4. On October 22, 2018, the Parent, through her attorney, Advocates for Children ("AFC"), filed a due process complaint (DPC), alleging that the Department of Education (DOE) denied the Student of a free appropriate public education (FAPE) for the 2011-2012 through the 2018-2019 school years.  As relief, the Plaintiff sought an order that the Department fund the student's tuition at the Cooke Center Academy ("Cooke") for the 2018-2019 school year; provide busing for the Student to and from Cooke; reimburse the Parent for the cost of school breakfast and lunch at Cooke; fund a functional behavior assessment (FBA) by a provider chosen by the Parent; fund a behavior intervention plan (BIP); reconvene the CSE to develop an appropriate IEP for the Student; and fund for compensatory services.

5. On October 22, 2018, Impartial Hearing Officer ("IHO") John Farago was appointed.

6. On January 24, 2019, IHO Farago held a 20-minute pre-hearing status hearing. DOE attorney Stephanie Parker appeared for the DOE and attorneys Daniel Hochbaum and Gena Miller of AFC appeared for the Parent. The Department advised it would be filing a motion to dismiss based on the argument that the period prior to the 2016-17 school year was time-barred.

7. On May 22, 2019, IHO Farago held a one hour and eleven-minute hearing. Attorney Min Baharov appeared for the DOE and attorneys Daniel Hochbaum, Gena Miller, and Michael Athy of AFC appeared for the Parent. The IHO set a substantive hearing date. The parties had an off-record discussion and stated on the record that the 2018-2019 school year was fully resolved and no longer at issue in the case. The parties made arguments on the record regarding the statute of limitations regarding the years prior to the 2018-2019 school year. The parties then discussed case management and hearing dates.

8. On May 24, 2019, IHO Farago held a three hour and twenty-five-minute hearing. Attorney Min Baharov appeared for the DOE and attorneys Daniel Hochbaum, Gena Miller, and Michael Athy of AFC appeared for the Parent. Daniel Hochbaum gave an opening statement, presented thirty-five exhibits and presented two witnesses including the Parent and the Director of EBL Coaching. The DOE did not present any exhibits or any witnesses. Following this hearing, the DOE recommended this matter for settlement.

9. On April 28, 2020, IHO Farago held a twenty-seven-minute hearing. Attorney Min Baharov appeared for the DOE and attorney Daniel Hochbaum of AFC appeared for the Parent. According to Mr. Hochbaum, the parties had reached an agreement in principle, however, the DOE argued that the parties had not reached an agreement on the length of time that the student could use to use the compensatory services. The DOE also asked the IHO to rule in writing on the DOE's motion to dismiss.

10. On June 3, 2020, IHO Farago held a twelve-minute hearing. Attorney Min Baharov appeared for the DOE and attorney Daniel Hochbaum and intern Monica Sass of AFC appeared for the Parent. The Parent attended the hearing. Daniel Hochbaum stated that the parties agreed on all terms of the settlement. However, Mr. Hochbaum requested that the IHO issue a final decision.

11. On June 7, 2020, IHO Farago issued a Finding of Fact and Decision ("FOFD"), denying the DOE's motion to dismiss and finding that the DOE failed to provide a FAPE to the Student for the full six years. The IHO further found that the Parent's unilateral placement at Cooke was appropriate for the student. As relief, the IHO ordered the DOE to fund a bank of 1,500 hours of related services, and after 1,000 hours have been utilized, or after January 1, 2025, whichever comes first, the DOE was required to fund a comprehensive reevaluation of the Student including neuropsychological, comprehensive speech/language, and occupational therapy assessments, to be conducted independently by providers of the Parent's choice, at current market rates. Additionally, the IHO ordered the CSE to reconvene after the evaluations have been completed to consider the impact on the Student's then-current IEP.

12. In IHO Case No. 178855, the hearing was not extensive or complex. The DOE minimally contested the case. The requested relief was similar to many other matters that the DOE handles, including cases brough by Plaintiffs' counsel.

13. On April 20, 2022, AFC submitted to the DOE a demand for attorneys' fees and expenses related to the impartial hearing litigation, in the amount of $63,776.00, broken down as follows:

    -Chantal Hinds: 0.1 hours at a rate of $320 per hour ($32.00);
    -Daniel Hochbaum 128.3 hours at a rate of $375 per hour ($48,112.50);
    -Daniel Hochbaum travel 1.8 hours at a rate of $187 per hour ($337.50)
    -Danielle Cedillo 1.7 hours at a rate of $150 per hour ($255.00);
    -Gena Miller 29.2 hours at a rate of $240 per hour ($7,008.00);
    -Gena Miller travel 1.3 hours at a rate of $120 per hour ($156.00);
    -Juliet Eisenstein 7.3 hours at a rate of $150 per hour ($1,095.00);
    -Monica Sass     3.20 hours at a rate of $150 per hour  ($480.00);
    -Rebecca Shore 15.0 hours at a rate of $420 per hour ($6,300.00);

14. On May 2, 2022, I was assigned to review this demand for attorneys' fees.

15. On March 10, 2022, the DOE offered $22,000 to settle this claim. On April 11, 2023, the DOE made an offer, in writing, of $31,200. The Plaintiff did not respond to this offer.

16. On May 31, 2023, AFC filed the instant federal action.

17. Based on my review of case law and my experience reviewing and negotiating fee claims for the DOE, the rates sought by counsel are excessive and do not comport with controlling law.

18. By way of example, although Daniel Hochbaum billed at an hourly rate of $375, the courts in this district have assessed rates of $300 to $325 per hour for attorneys with up to 8 years of experience. See, N.G. obo M.F. v. New York City Dept. Of Educ., No. 21 cv 8488, 2024 WL 133615, *4 (S.D.N.Y. January 12, 2024) (awarding lead attorney with approximately 8 years of experience, 6 in special education a rate of $300 per hour); S.K., et al. v. New York City Department of Education, No. 1:21-cv-07291, 2023 WL 2456693, at *6 (S.D.N.Y. March 10, 2023), motion for reconsideration rejected 2023 WL 3646935 (May 25, 2023) (awarding a rate of $300 per hour to an attorney with 9 years of special education experience in light of her significant involvement in the case); R.S. obo A.S. v. New York City Dept. Of Educ., No. 21 cv 2257, 2023 WL 6389118 (S.D.N.Y. September 29, 2023) (awarding $350 for an attorney with seven years of experience in special education and related fields in a "highly contested" action).

19. Moreover, Mr. Hochbaum billed for a number of administrative and advocacy tasks billed more than nine months prior to the filing of the DPC at his full litigation rate.

20. Although Juliet Eisenstein and Monica Sass billed at an hourly rate of $150, the courts in this district have assessed paralegal rates at $100-$125. *See* L.L. obo S.L. v. NYC Dept. of Educ., 20-cv-2515 (JPO), 2022 WL 392912, at *4 (S.D.N.Y. Feb. 9, 2022) (awarding paralegals a rate of $100 per hour); H.A. obo M.A. v. NYC Dept. of Educ., 20 Civ. 10785 (PAE), 2022 WL 580773, at *8 (S.D.N.Y. Feb. 25, 2022) (awarding a rate of $125 to paralegal with Bachelor's Degree and more than a decade of experience).

Dated: New York, New York
      January 23, 2024

Armelle Hillman, Esq.