UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------  X

A.S. on behalf of T.B.,

           Plaintiff,

      -against-

New York City Department of Education, New York
City Board of Education, and DAVID BANKS, in his
official capacity as Chancellor of the New York City
School District,

           Defendants.

-------------------------------------------------------------------  X

**DECLARATION OF
EMILY GOLDMAN**

23-cv-04580 (JPC)

**EMILY R. GOLDMAN** declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Managing Attorney in the Special Education Unit within the New York City Department of Education ("DOE") Office of the General Counsel, and have worked in this capacity since 2010. I am licensed to practice law in New York State and have been since 2003. Prior to my current position, I was an Agency Attorney handling appeals to the New York State Education Department's Office of State Review; before that, I was a litigation attorney, representing the DOE in special education impartial hearings. I submit this Declaration in opposition to Plaintiff's Summary Judgment Motion Concerning Fees, Costs, and Interest.

2. In the 13 years that I have been a Managing Attorney supervising attorneys' fees claims, the DOE has negotiated and settled thousands of claims for attorneys' fees and related costs and expenses, pursuant to the Individuals with Disabilities Education Act ("IDEA"), brought by well over 100 law firms and advocacy organizations. The fees sought by these law firms and

organizations included work performed by well over 250 attorneys. In the time that I have been a Managing Attorney, the number of firms seeking attorney's fees for IDEA litigation has increased by more than 50%.

3. In the last three years, the DOE resolved over 4,600 claims for attorney's fees following an impartial hearing decision or appeal. Of those, 57 were for Advocates for Children.

4. I am familiar with the facts and circumstances set forth in this declaration, based upon my personal knowledge, which includes, but is not limited to, my review of the DOE and court records, as well as experience handling special education matters for the DOE.

5. In this case, upon review of the timesheets, I note that Daniel Hochbaum billed over 35 hours prior to the filing of the DPC.  Reviewing completed fee claims in the past three years, SEU has resolved over 2000 fee claims where the entire time billed for litigating the matter was less than 35 hours.

6. Impartial hearing litigation in New York State is governed by 20 USC § 1415(f), as well as the Regulations of the Commissioner of Education, Part 200.5.

7. 8 NYCRR 200.5(j) lays out the format and guidelines for impartial hearings, specifically, the opportunity of either party to "present evidence, compel the attendance of witnesses, and to confront and question all witnesses at the hearing." The hearing officer "may receive any oral, documentary and tangible evidence, except that the impartial hearing officer shall exclude evidence that he or she determines to be irrelevant, immaterial, unreliable or unduly repetitious."  Documents need not be moved into evidence or corroborated by a witness.

8. Impartial hearings are relatively informal when compared to hearings in federal civil litigation. For example, the parties are <u>not</u> bound by the Federal Rules of Civil Procedure or by the Federal Rules of Evidence, and standard objections to testimonial evidence, such as hearsay,

do <u>not</u> apply. Witnesses may testify by affidavit or telephone. In addition, these administrative proceedings do not involve, *inter alia*, e-discovery, depositions, motions pursuant to Rules 12(b), 12(c), 11, 50, 56, motions *in limine*, jury selection, *voir dire* or motions notwithstanding the verdict.

9.  Parties are not required to be represented by an attorney.


Dated:   New York, New York
          January 24, 2024

_____/s/_____
          Emily Goldman